# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN  37027 | ) | |
| Debtors. | | |

## DEBTORS' MOTION TO ADMINISTRATIVELY CONSOLIDATE CASES AND APPROVE CASE MANAGEMENT PROCEDURES

Vanguard Healthcare, LLC and the above Debtors (the "Debtors" or "Vanguard"), hereby move this Court for entry of an Order pursuant to Sections 102 and 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 1015(b), 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing certain notice, case management and administrative procedures.  In support of this Motion, the Debtors state as follows:

## BACKGROUND

3.      On May 6, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.      The Debtors continue to operate their business and manage their properties as Debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.   No creditors' committee, trustee or examiner has been appointed in this case at this time.

5.      Vanguard is a long-term care provider headquartered in Brentwood, Tennessee, providing rehabilitation and skilled nursing services at 14 facilities in four states (Florida, Mississippi, Tennessee and West Virginia).   The organizational structure of the company includes a parent entity/holding company (Vanguard Healthcare, LLC), and numerous subsidiaries which serve as either operating companies, property ownership companies, or management and support companies for the various facilities.   Seven of the facilities are leased from entities which are not subsidiaries of Vanguard Healthcare, four are owned by property ownership subsidiaries of Vanguard Healthcare and leased to separate operating subsidiaries of Vanguard Healthcare while the other three are both owned and operated by subsidiaries of Vanguard Healthcare.

6.      All 14 facilities are financed pursuant to certain mortgages and other loan documents with Healthcare Financial Solutions, LLC, as successor agent to General Electric Capital Corporation.   Healthcare Financial Solutions operates as a subsidiary of Capital One, N.A.   According to recent press releases, Capital One acquired General Electric Capital Corporation's Healthcare Financial Services lending business in December, 2015, and combined that business with Capital One's existing healthcare banking business.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek an order, pursuant to Sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(b), 2002(m) and 9007, establishing certain notice, case management and administrative procedures, all subject to further order of the Court, including: (a) administratively consolidating the Chapter 11 cases, (b) limiting the notice procedures in the Chapter 11 cases; and (c) designating the parties upon whom notice must be served.

8.      By regulating the service, notice and filing requirements at the outset of these cases, the Court will establish a standard procedure for noticing of creditors and parties in interest and minimize confusion regarding such important procedural matters.  Further, these proposed procedures will ease the Court's administration of these cases and dramatically reduce the economic burdens on the Debtors' estates.

9.      Specifically, the Debtors propose that every notice, motion or application, and all briefs, memoranda, affidavits, declarations or other documents filed concurrently in support thereof in these cases (collectively, the "Filings") shall be subject to the notice procedures described below (the "Notice Procedures"), unless otherwise ordered by the Court.

## BASIS FOR RELIEF

10.      There are hundreds of creditors and potential creditors and many other parties in interest involved in the Debtors' cases, each of which may be entitled to certain notices, including notices under Bankruptcy Rules 2002(a)(2) and (3).  In addition, the Debtors expect many parties will file notices of appearance and requests for notices and copies of pleadings as these cases proceed (the "2002 List Parties").  The potential costs associated with copying and mailing or otherwise serving all Filings on all creditors and parties in interest, as well as all 2002

- 3 -

List Parties would impose an undue and expensive administrative and economic burden on the Debtors' estates. Similarly, allowing electronic service of documents according to the Notice Procedures will further reduce the administrative and financial burden on the Debtors' estate, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents.

11.    Accordingly, pursuant to Sections 102(1) and 105(a) of the Bankruptcy Code and applicable Bankruptcy Rules, the Debtors propose that the Court enter an order consolidating the Chapter 11 cases for administrative purposes, limiting the notice procedures in these Chapter 11 cases, and designating certain parties who must receive notice of the Filings and of certain matters, including, but not limited to, the matters described in Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007 and 9019.

## PROPOSED NOTICE PROCEDURES

12.    The Debtors propose that all Filings in these cases shall be served upon the following list (the "Master Service List") of parties or entities:

a.    The Debtors and their counsel;

b.    The Office of the United States Trustee;

c.    Centers for Medicare & Medicaid Services;

d.    State of Tennessee Department of Health Division of Health Licensure and Regulation Office of Health Care Facilities;

e.    Florida Agency for Health Care Administration Division of Health Quality Assurance;

f.    Mississippi State Department of Health;

g.    West Virginia Department of Health and Human Resources;

- 4 -

h.	The parties listed in the Consolidated Unsecured Creditor List, as defined in the *Motion of the Debtors for an Order Authorizing the Debtors to File a Consolidated List of Largest Unsecured Creditors*, until such time as an unsecured creditor's committee is formed pursuant to Section 1102 of the Bankruptcy Code;

i.	Counsel to any official committee(s) established in these cases pursuant to Section 1102 of the Bankruptcy Code (the "Committee");

j.	All secured creditors and counsel;

k.	All Tennessee local counsel having entered a notice of appearance in these cases, but in each such case only one copy of the Filing regardless of how many creditors or parties in interest the Tennessee Local Counsel represents; and

l.	All parties requesting notice by filing a request for notice in the case.

13.	BMC Group, Inc. ("BMC Group") will serve as the official notice agent in these Chapter 11 cases as further described below.

14.	In any case for which particular notices are required by Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, parties shall serve all such Filings on the Master Service List herein.

15.	All other Filings shall be served on the Master Service List and also on each entity with a particularized interest in the subject of the Filing.

16.	Service of all Filings shall be sufficient if by first class mail, electronic mail (if available), or facsimile (if available).

17.	Notice given in accordance with the foregoing Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Middle District of Tennessee.

## APPLICABLE AUTHORITY

18.     Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders and other parties in interest.  The Bankruptcy Rules, however, further provide, that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("[w]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein, the form and manner in which the notice shall be given.").

19.     In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.  Specifically, Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).  Section 102(1) of the Bankruptcy Code provides, inter alia, that when the Bankruptcy Code provides for an action to occur "after notice and a hearing" that such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."   11 U.S.C. § 102(1)(A).

20.     There are hundreds of creditors and other parties in interest involved in the Debtors' cases, each of which may be entitled to certain notices, including notice under

Bankruptcy Rules 2002(a)(2) and (3). Further, the Debtors expect numerous parties to file notices of appearance and requests for notices and copies of pleadings as these cases proceed.

21. The costs associated with copying and mailing or otherwise serving all notices and motions to the 2002 List Parties would impose an expensive administrative and economic burden on the Debtors' estates. Such mass mailings would be extraordinarily costly to the Debtors' estates and require the Debtors to divert limited resources to comply with these administrative requirements.

22. The Debtors believe that adopting the Notice Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtor's estates because of the reduction of time and money the Debtors will have to expend on the Filings. The Debtors further believe that adopting the Notice Procedures will also significantly reduce the administrative economic burden placed on creditors and parties in interest when filing the Filings.

23. Pursuant to the terms of the Notice Procedures, all parties in interest that may be directly affected by the relief sought by a particular Filing will receive notice of such Filing directly from the party submitting the Filing to the Court. Thus, no party will be adversely affected. For these reasons, the Debtors believe the Notice Procedures are appropriate and should be approved and implemented in these cases.

24. Pursuant to the Notice Procedures, all parties on the 2002 List and all other parties in interest that may be directly affected by the relief sought in a particular filing will receive notice of such filing directly from the party submitting such documents to the Court well in advance of the applicable hearing.

25. Further, all parties in this case who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a

filing is effected, which will provide additional notice to such parties. Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may request and receive paper copies from the Debtors or from BMC Group.

26. The establishment of the Notice Procedures will promote the efficient and orderly administration of the Debtors' Chapter 11 cases and will ease the administrative and economic burdens on the Court and the Debtors' estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as <u>Exhibit A</u> and grant such other and further relief as is just and proper.

Dated: May 6, 2016

Respectfully Submitted,

*/s/ William L. Norton III*
William L. Norton III (No. 10075)
BRADLEY
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2397
bnorton@bradley.com

*Attorneys for Debtors*

- 8 -

EXHIBIT A
**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN 37027 | ) | |
| Debtors. | | |

## ORDER ON DEBTORS' MOTION TO ADMINISTRATIVELY CONSOLIDATE
## AFFILITATED CASES AND APPROVE CASE MANAGEMENT PROCEDURES

Upon the Motion[1] of the above-captioned debtors and debtors in possession (the

"Debtors"), pursuant to Sections 102 and 105(a) of the United States Bankruptcy Code (the

---

[1]     Any capitalized terms not defined herein shall have the meaning attributed to them in the accompanying Motion.

- 1 -

"Bankruptcy Code") and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to administratively consolidate the above Chapter 11 cases and establish certain notice, case management and administrative procedures as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and notice of the Motion having been adequate and apparent under the circumstances; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1.      Each of the above Chapter 11 cases will be administratively consolidated into the Chapter 11 case of Vanguard Healthcare, LLC, Case No-03296

2.      Every notice, motion or application, and all briefs, memoranda, affidavits, declarations or other documents filed concurrently in support thereof in these cases (collectively, the "Filings") shall be subject to the notice procedures described herein (the "Notice Procedures"), which Notice Procedures are hereby implemented and approved pursuant to Sections 102(1) and 105 of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

3.      All Filings shall be filed with the Court in accordance with regular Court procedures.

4.      BMC Group, Inc. ("BMC Group") shall act as the official noticing agent in this case, as more fully described below.

5.      BMC Group shall monitor the docket in this case and coordinate with Debtors' counsel to ensure that BMC Group has copies of all Filings in the Debtors' case.

6.      All Filings in this case shall be served upon the Master Service List, as defined in the Motion and all entities with a particularized interest in the Filing.  Parties may be added or

- 2 -

deleted from the Master Service List upon written request for good and sufficient cause, in accordance with the procedures set forth in this Order.

7.      All of the foregoing matters or proceedings set forth in this paragraph of this Order shall be noticed in accordance with the applicable provisions of Bankruptcy Rule 2002; provided, however, that nothing in this Order shall prejudice (i) the rights of any party in interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency *ex parte* consideration or consideration upon shortened time; or (ii) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or (c).

8.      Service of all Filings shall be sufficient if by first class mail, electronic mail (if available), or facsimile (if available).

9.      Any entity submitting a Filing shall serve a notice of such Filing on all 2002 List Parties, as defined in the Motion.

10.     Notice given in accordance with the Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States District Court for the District of Tennessee and for the United States Bankruptcy Court for the Middle District of Tennessee.

11.     A copy of this Order shall be served by the Debtors or BMC Group on the Master Service List.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**.

APPROVED FOR ENTRY:


*/s/ William L. Norton III*
William L. Norton III (No. 10075)
BRADLEY
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2397
bnorton@bradley.com

*Attorneys for Debtors*

- 4 -