# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

In re:                                                    )
                                                          )  Chapter 11
Vanguard Healthcare, LLC,                                 )  Case No. 16-03296
Vanguard Healthcare Services, LLC                         )
Vanguard Financial Services, LLC                          )
Aurora Australis, LLC                                     )
Boulevard Terrace, LLC                                    )
Eldercare of Jackson County, LLC                          )
Elderscript Services, LLC                                 )
Glen Oaks, LLC                                            )
Palace RBS, LLC                                           )
Shady Lawn, LLC                                           )
Vanguard of Ashland, LLC                                  )
Vanguard of Church Hill, LLC                              )
Vanguard of Crestview, LLC                                )
Vanguard of Manchester, LLC                               )
Vanguard of Memphis, LLC                                  )
Vanguard of Ripley, LLC                                   )
Vicksburg Convalescent, LLC                               )
Whitehall OpCo, LLC                                       )
                                                          )
Six Cadillac Dr., Suite 310                               )
Brentwood, TN  37027                                      )
                         Debtors.

**MOTION TO MAINTAIN AND USE DEBTORS'
EXISTING BANK ACCOUNTS AND CHECKS**

Vanguard Healthcare, LLC and the above Debtors (the "Debtors" or "Vanguard") as Debtors in possession, hereby move this Court (the "Motion") for the entry of an order pursuant to Sections 105(a), 363(c)(1) and 503(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to maintain and use existing bank accounts and checks. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363(c)(1) and 503(b)(1) of the Bankruptcy Code.

## BACKGROUND

3. On May 6, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtors continue to operate their business and manage their properties as Debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. Vanguard is a long-term care provider headquartered in Brentwood, Tennessee, providing rehabilitation and skilled nursing services at 14 facilities in four states (Florida, Mississippi, Tennessee and West Virginia). The organizational structure of the company includes a parent entity/holding company (Vanguard Healthcare, LLC), and numerous subsidiaries which serve as either operating companies, property ownership companies, or management and support companies for the various facilities. Seven of the facilities are leased from entities which are not subsidiaries of Vanguard Healthcare, three are owned by property ownership subsidiaries of Vanguard Healthcare, and leased to separate operating subsidiaries of Vanguard Healthcare, while the other four are both owned and operated by subsidiaries of Vanguard Healthcare.

6. All 14 facilities are financed pursuant to certain mortgages and other loan documents with Healthcare Financial Solutions, LLC, as successor agent to General Electric

- 2 -

Case 3:16-bk-03296   Doc 6   Filed 05/06/16   Entered 05/06/16 14:28:56   Desc Main
Document      Page 2 of 10

Capital Corporation. Healthcare Financial Solutions operates as a subsidiary of Capital One, N.A. According to recent press releases, Capital One acquired General Electric Capital Corporation's Healthcare Financial Services lending business in December, 2015, and combined that business with Capital One's existing healthcare banking business to form Capital One Healthcare.

## CASH MANAGEMENT SYSTEM

7. The Debtors' cash management system is generally comprised of the following accounts:

a. <u>Concentration Accounts</u>

Most of the Debtors' accounts are with Pinnacle Bank. There are six accounts that are concentration accounts for the benefit of all of the Vanguard entities.

i. Vanguard Healthcare has a "Concentration" account that receives advances made from Capital One on the revolver loan. These funds are then transferred to the Vanguard Financial Services ("<u>VFS</u>") "Concentration" account that also receives deposits from other non-facility specific sources. These funds are transferred to the "VFS AP Disbursement" account further described below.

ii. VFS also has a "Merchant Bank Card Account" that receives all payments made by credit cards regardless of the source. These funds are then transferred to the facility account for which the payment was made.

iii. The "VFS AP Disbursement" account receives funds from the VFS Concentration account and is used to make all accounts payable payments.

iv. Vanguard Healthcare Services, LLC has two accounts used for employee healthcare purposes. One is a flex spending account and the other is a concentration account that is used to pay employee insurance claims.

    b. <u>Vanguard Facility Accounts</u>

Each Vanguard facility also maintains deposit accounts at local banks other than Pinnacle. These accounts remain open because it is more efficient to deposit cash and checks received at the Vanguard facilities. These accounts are maintained at Bancorp South, SunTrust, Regions Bank, Bank First, BB&T, First Community, Peoples Bank, Wells Fargo, Bank of America and Macon Bank (collectively the "<u>Vanguard Facility Deposit Accounts</u>").

## RELIEF REQUESTED

8. The Debtors expect to fund these Chapter 11 operations through the use of cash collateral. In so doing, the Debtors will need to maintain existing "consolidation" accounts described above and the separate operating entity accounts. Accordingly, the Debtors seek authority to maintain existing accounts with Pinnacle Bank and the Vanguard Facility Deposit Accounts.

9. The Debtors' bank accounts are an essential element to the Debtors operations and are similar to those commonly employed by corporate enterprises comparable to the Debtors in size and complexity. Consolidated bank accounts provide various benefits to the Debtors, such as enabling them to (a) control and monitor corporate funds, (b) ensure cash availability, (c) reduce administrative expenses by facilitating the movement of funds, and (d) invest any idle cash.

10. The Debtors' efforts to preserve and enhance the value of their estates will be hampered if their cash management procedures are disrupted. By maintaining continuity, and avoiding the disruption and delay to the Debtors' ordinary business activities that would necessarily result from substantially altering the Debtors' bank accounts, all parties in interest, including employees and residents at the facilities, will be best served.

11. Further, preserving a "business as usual" atmosphere and avoiding the unnecessary distractions that inevitably would be associated with any substantial disruption of the cash management system will (a) facilitate the Debtors' stabilization of their post-petition business operations and (b) assist the Debtors in their post-petition operations.

12. The Debtors further seek the authority to implement ordinary course changes to their cash management system in the event the Debtors conclude that changes in the cash management system are beneficial to their business. The Debtors seek authority to make such changes without further order of the Court. In addition, the Debtors request authority to open and close bank accounts consistent with the terms of any cash collateral agreement or order.

13. In connection with the relief sought in the Motion to Pay Employees filed contemporaneously herewith, the Debtors further request that checks written relating to wages, employees' reimbursable expenses or other benefits paid by the Debtors prior to the Petition Date be honored by Pinnacle Bank as though they had been drawn on a post-petition bank account. Such relief will assist the Debtors in accomplishing a smooth transition to operating in Chapter 11 and confirming a plan of reorganization.

14. To avoid disruption of the Debtors' operations and unnecessary expense, the Debtors request that they be authorized to continue to use existing checks substantially in the

forms existing immediately before the Petition Date, provided, the Debtors will cause the phrase "Debtor-in-Possession" to be included on their checks.

**BASIS FOR RELIEF**

15. Bankruptcy courts routinely permit Chapter 11 debtors to continue using their existing accounts, generally treating requests for such relief as a relatively "simple matter." In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); see also Official Comm. of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.), 997 F.2d 1039, 1061 (3d Cir. 1993) (noting with approval the bankruptcy court's finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."); Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.), 778 F.2d 617, 621 (11th Cir. 1985) (holding that the debtors' postpetition use of their prepetition "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code).

16. Section 363(c)(1) of the Bankruptcy Code authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of Section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in those transactions that make up the bulk of its day-to-day operations without incurring the excessive monitoring costs that would result from the need to provide notice of, and obtain approval for, such ordinary course activities. See, e.g., Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); In re Enron Corp., No. 01-16034 (ALG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. Mar. 21, 2003); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal

Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997). Included within the purview of Section 363(c) of the Bankruptcy Code is a debtor in possession's ability to continue the "routine transactions" associated with a debtor in possession's cash management system.

17. Further, the continued post-petition use of cash management systems and existing accounts also has been approved in other bankruptcy cases in this District. See, e.g., In re Oreck, Case No. 13-4006 (Bankr. M.D. Tenn. 2013); In re Sofa Express, Case No. 07-9024 (Bankr. M.D. 2007); In re Service Merchandise Co., Inc., Case No. 99-02649 (Bankr. M.D. Tenn. 1999).

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to continue using their bank accounts and checks and (b) granting such other and further relief as is just and proper.

Dated: May 6, 2016

Respectfully Submitted:

*/s/ William L. Norton, III*
William L. Norton, III (TN 10075)
BRADLEY
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@bradley.com

*Attorneys for the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN  37027 | ) | |
| Debtors. | | |

## ORDER AUTHORIZING THE DEBTORS TO MAINTAIN AND USE
## THEIR EXISTING BANK ACCOUNTS AND CHECKS

Upon the Motion of the above-captioned debtors (the "Debtors") for the entry of an order pursuant to sections 105(a), 363(c)(1), and 503(b)(1) of the Bankruptcy Code authorizing the Debtors, if necessary, to (i) maintain existing bank accounts, (ii) continue using existing checks; and (iii) authorizing all banks with Debtors' accounts to honor employee wages, reimbursements

and benefits paid to the employees before the commencement of these cases; the Court having reviewed the Motion and the record before the Court, and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1. The Motion is granted.

2. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of May 6, 2016 (the "Petition Date"); (b) use, in their present form, all checks and other documents related to the Debtors' bank accounts existing immediately before the Petition Date, provided the checks will include "Debtor in Possession"; (c) treat the Debtors' bank accoufexhibnts for all purposes as accounts of the Debtors as debtors in possession; (d) implement ordinary course changes to their cash management system; and (e) open and close bank accounts as they deem necessary and in their own discretion.

3. Except as otherwise expressly provided in this Order, all banks at which the Debtors' bank accounts are maintained are authorized and directed to continue to service and administer the Debtors' bank accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Debtors' bank accounts after the Petition Date by the holders or makers thereof, as the case may be.

4. The Debtors are authorized to direct the banks and the banks are authorized and directed to pay obligations to employees in accordance with this or any separate order of this Court.

5. As soon as practicable after the entry of this Order, the Debtors shall serve a copy of this Order on Pinnacle Bank and any other Bank holding an account by any Debtor.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The stay under Bankruptcy Rule 6004(h) is hereby waived. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

*/s/ William L. Norton III*
William L. Norton, III (TN 10075)
BRADLEY
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
bnorton@bradley.com

*Attorneys for Debtors*