# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN 37027 | ) | |
| Debtors. | | |

## MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING THE DEBTORS' ADEQUATE ASSURANCE OF PAYMENT OF UTILITY COMPANIES; AND (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

Vanguard Healthcare LLC and the above Debtors (the "Debtors" or "Vanguard") as

Debtors in possession, hereby move this Court for the entry of an order, substantially in the form

attached hereto as Exhibit B (the "Proposed Order") pursuant to Section 366 of Title 11 of the

United States Code (the "Bankruptcy Code"), (i) approving the Debtors' adequate assurance of

payment of the Debtors' utility companies and (ii) establishing a procedure for resolving requests

by utility companies for additional adequate assurance.  In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

2.      Statutory bases for the relief requested herein are Sections 366 of the Bankruptcy Code.

**BACKGROUND**

3.      On May 6, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.      The Debtors continue to operate their business and manage their properties as Debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Vanguard is a long-term care provider headquartered in Brentwood, Tennessee, providing rehabilitation and skilled nursing services at 14 facilities in four states (Florida, Mississippi, Tennessee and West Virginia).  The organizational structure of the company includes a parent entity/holding company (Vanguard Healthcare, LLC), and numerous subsidiaries which serve as either operating companies, property ownership companies, or management and support companies for the various facilities.  Seven of the facilities are leased from entities which are not subsidiaries of Vanguard Healthcare, three are owned by property ownership subsidiaries of Vanguard Healthcare, and leased to separate operating subsidiaries of Vanguard Healthcare, while the other four are both owned and operated by subsidiaries of Vanguard Healthcare.  Attached

- 2 -

hereto as <u>Exhibit A</u> is a schedule showing the facilities that are being operated by the Debtors (the facilities listed are collectively referred to herein as the "<u>Facilities</u>").

## SUMMARY FOR RELIEF REQUESTED

6.    By this Motion, the Debtors request that this Court enter an order (i) approving the Debtors' Proposed Adequate Assurance (as defined below) as providing the Debtors' utility companies with "adequate assurance of payment" under Sections 366(b) and 366(c)(1)(A) of the Bankruptcy Code and deeming all utility companies entitled to such assurance of payment under Section 366 (collectively, the "<u>Utility Companies</u>," and each a "<u>Utility Company</u>") to have received adequate assurance of payment pursuant to Section 366(b) and (ii) approving Additional Adequate Assurance Procedures set forth below as the method of resolving disputes regarding adequate assurance of payment.

## BASIS FOR RELIEF

**A.    Utility Services.**

7.    In connection with the operation of their businesses and the management of their property, certain of the Debtors receive utility service for each of the Facilities and Vanguard's corporate offices, including providers of water, gas, electricity, telephone, cable, ISDN, and sewer service (collectively, the "<u>Utility Services</u>").  A list of known Utility Companies is attached to the Proposed Order as <u>Exhibit 1</u>.  The services provided by the Utility Companies are crucial to the Debtors' continued operations.

- 3 -

3. The Debtors believe that they are current on all pre-petition utility payments as of the Petition Date. Additionally, the Debtors intend to remain current in payment for all Utility Services on a post-petition basis.

4. For most of the Utility Companies, the Debtors have provided cash security deposits (the "Cash Deposits") to secure the payment for Utility Services provided by the Utility Companies.

5. By this Motion, the Debtors seek to preserve the protections that Utility Companies have under the Bankruptcy Code, while affording the Debtors the opportunity to provide adequate assurance of payment without facing the threat of imminent termination of any Utility Services. In particular, the Debtors request approval of certain procedures that balance the protections afforded the Utility Companies under Section 366 of the Bankruptcy Code and the Debtors' need for continued and uninterrupted service.

**B.    The Proposed Adequate Assurance.**

6. As adequate assurance of payment under Section 366 of the Bankruptcy Code, the Debtors propose that all Utility Companies that are currently in possession of Cash Deposits be allowed to maintain such Cash Deposits to assure the Debtors' continued payment for Utility Services.

7. Additionally, the Debtors will remain current with all payments to the Utility Companies for post-petition Utility Services.

8. The Utility Companies are further protected in the payment for any post-petition Utility Services by the administrative expense claim that such Utility Companies will have under Section 503(b)(1)(A) for any Utility Services provided to the Debtors after the Petition Date.

- 4 -

9.     Together, the Cash Deposits, the Debtors' timely payment of all post-petition Utility Services, and the administrative expense claim that any post-petition Utility Company will have for post-petition Utility Services (collectively, the "Proposed Adequate Assurance") provide the Utility Companies with adequate assurance of payment under Section 366(b) of the Bankruptcy Code.

## C.     The Additional Adequate Assurance Request Procedures. [1]

10.     The Debtors submit that the Proposed Adequate Assurance constitutes sufficient "adequate assurance of payment" as required under Section 366 of the Bankruptcy Code. Nonetheless, the Debtors anticipate that certain Utility Companies may not find the Proposed Adequate Assurance satisfactory and, thus, may request additional adequate assurance of payment pursuant to Section 366(c)(2) of the Bankruptcy Code. Accordingly, the Debtors propose that such requests be addressed as follows (the "Additional Adequate Assurance Request Procedures"):

(a)     Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment.

(b)     The Debtors will serve this Motion and a copy of the Order on the Utility Companies within three (3) business days after entry of the Order granting the relief requested herein.

(c)     In the event that a Utility Company maintains that the Proposed Adequate Assurance is not satisfactory adequate assurance of payment as contemplated by Section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance in addition to or in lieu of its rights with respect to the Proposed Adequate Assurance so that it is received by the Debtors and their counsel no later than five (5) business days prior to the Determination Hearing (as defined below) (the "Additional Adequate Assurance Request Deadline").

---

[1] This section of the Motion is intended as a summary of the procedures set forth in the proposed Order and is qualified in its entirety by the proposed Order. In the event there is a discrepancy between the procedures in the Motion and those in the proposed Order, the proposed Order shall control in all respects.

(d)     Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) set forth the appropriate account number(s) associated with services, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) set forth a fax and electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e)     Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will either (a) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing (as defined below) that the Additional Adequate Assurance Request is acceptable, (b) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (c) contest the Utility Company's request pursuant to Section 366(c)(3) of the Bankruptcy Code at a hearing to be held on or before the day that is thirty (30) days after the Petition Date, or such other date as the Debtors and the Utility Company may agree (the "Determination Hearing").

(f)     The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Proposed Adequate Assurance and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.

11.     The Debtors further request that any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' Chapter 11 cases, except as provided in Sections 366(b)(2) or 366(c)(3) of the Bankruptcy Code, as applicable.[2]

12.     To the extent that the Debtors subsequently identify additional providers of Utility Services or determine that an entity was improperly included as a Utility Company, the Debtors seek authority, in their sole discretion and without further order of this Court, to amend Exhibit 1

---

[2] The Debtors reserve their right to challenge any Section 503(b)(9) claim filed by a Utility Company on any basis, including, without limitations, that such Utility Company received benefits on account of inclusion as a Utility Company on Exhibit 1 to the attached proposed order.

attached to the proposed order to add or delete any Utility Company. The Debtors propose to have the terms of the proposed order attached hereto apply to any such subsequently identified Utility Company. Moreover, for those Utility Companies that are subsequently added to <u>Exhibit 1</u>, the Debtors will serve a copy of this Motion and the Order entered with respect to the Motion on such Utility Company, along with an amended <u>Exhibit 1</u>. Such subsequently-added entities would then have twenty (20) days from service of the Order to make an Additional Adequate Assurance Request. For any entity that is removed from <u>Exhibit 1</u>, the Debtors shall provide notice of such entity's removal and such entity will have an opportunity to object.

13.     In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, such request shall be treated as a request under Bankruptcy Section 366(b) of the Bankruptcy Code and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including Section 366(b) of the Bankruptcy Code.

14.     All Utility Companies, including subsequently-added Utility Companies, shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors absent further order of this Court, in accordance with Section 366(a) of the Bankruptcy Code. *See* 11 U.S.C. § 366(a).

15.     To the extent any entity that is not listed on <u>Exhibit 1</u> to the Proposed Order believes it provides the Debtors with Utility Services within the meaning of Section 366 of the Bankruptcy Code, that entity must make a written request to be added to <u>Exhibit 1</u> within twenty (20) days of the date of the Court's order granting the relief requested herein. Failure to make a written request

within the twenty (20) day time period shall bar such entity from terminating the services it provides to the Debtors pursuant to Section 366 of the Bankruptcy Code, absent further order of the Court.

16.     The Debtors maintain that the relief requested herein strikes a fair balance between the rights of the Utility Companies and the rights of the Debtors under the Bankruptcy Code and the need, for the benefit of the Debtors and their estates, for the Debtors to continue to receive the Utility Services upon which their business depends.


## APPLICABLE AUTHORITY

### A.     Utility Companies.

17.     While the term "utility" is not defined in the Bankruptcy Code, courts have concluded that Section 366 is not limited to public utilities, and that "utility" is meant to be interpreted broadly so as to include entitles that occupy "some special position with respect to the debtor, such as an electric company, gas supplier or telephone company that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility." Darby v. Time Warner Cable, Inc. (In re Darby), 470 F.3d 573, 574 (5th Cir. 2006) (citing H.R. Rep. 595, 95th Cong., 1st Sess. 350 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 60 (1978)); see also In re One Stop Realtour Place, Inc., 268 B.R. 430, 436-38 (Bank. E.D. Pa. 2001); In re Moorefield, 218 B.R. 795, 797 (Bankr. M.D.N.C. 1997); In re Good Time Charlie's Ltd., 25 B.R. 226 (Bankr. E.D. Pa 1982).

18.     In accordance with the above, the Debtors have determined that providers of water, gas, sewage, telephone, cable, ISDN, and electricity may constitute utilities within the meaning of

Section 366 of the Bankruptcy Code, and therefore, are listed as such on <u>Exhibit 1</u> to the Proposed Order.

**B.      Cash Deposits**

i.      <u>The Proposed Adequate Assurance Provides Utility Companies With Adequate Assurance of Payment.</u>

19.      Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).  Section 366(b) of the Bankruptcy Code goes on to provide, however that:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

<u>Id.</u> at § 366(b).

20.      The policy underlying Section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtors will pay for postpetition services.  <u>See</u> H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1979 U.S.C.C.A.N. 5963, 6306.  As set forth herein, this policy is furthered by the relief requested through the Motion.

21.      Specifically, under Section 366(b) of the Bankruptcy Code, a Chapter 11 debtor must furnish what it considers to be adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of a deposit or other security for postpetition service.

- 9 -

Here, the Debtors are requesting that the Utility Companies be authorized to continue to hold any Cash Deposits in the possession of the Utility Companies as assurance of payment by the Debtors.

22.     The Debtors maintain that the Cash Deposit and the other Proposed Adequate Assurance constitute adequate assurance of payment in accordance with the requirements of Section 366(b) of the Bankruptcy Code.

ii.     <u>The Additional Adequate Assurance Procedures Properly Balance the Interest of the Utility Companies and Those of the Debtors and Their Estates.</u>

23.     As part of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress enacted Section 366(c) of the Bankruptcy Code.  Pursuant to Section 366(c)(2), a utility is permitted to alter, refuse, or discontinue utility service, if the utility does not receive "during the 30-day period beginning on the date of the filing of the petition … adequate assurance of payment for utility service that is <u>satisfactory</u> to the utility."  11 U.S.C. § 366(c)(2) (emphasis added).  Conceivably, under Section 366(c)(2) of the Bankruptcy Code, the Debtors could receive a demand from a Utility Company at the end of such thirty-day period and be compelled to accede to the demand immediately or face termination of critical Utility Services. Therefore, as set forth below, in order to avoid such a drastic result, the Debtors have sought to require Utility Companies to provide notice of their demands for assurance on or before the date that is five (5) business days before the Determination Hearing, with a final hearing on disputed requests prior to expiration of the thirty (30) day period in which the Debtors must provide adequate assurance of payment or force termination of utility services.

24.     Specifically, under the Additional Adequate Assurance Procedures, a Utility Company may make an additional Adequate Assurance Request on or before the Additional Assurance Request Deadline.  In the event that such a request is made, the Debtors will advise the

Utility Company on or before the day that is no less than three (3) business days prior to the Determination Hearing that the Additional Adequate Assurance Request is acceptable or that the Debtors intend to contest such Additional Adequate Assurance Request under Section 366(c)(3) of the Bankruptcy Code at the Determination Hearing. Under these procedures, the Debtors will have the opportunity to seek an order from the Court modifying any Additional Adequate Assurance Request without having to first satisfy the demands of the Utility Company and without facing the prospect of termination of Utility Services prior to a hearing on the Additional Adequate Assurance Request.

25. By establishing the Additional Adequate Assurance Procedures, the Debtors seek to implement an orderly process to determine the amount of assurance of payment that is adequate. Without the Additional Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period. The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtors into Chapter 11.

26. Moreover, the Additional Adequate Assurance Procedures will ensure that all parties act in good faith by establishing a fair process. This will protect the Debtors and their stakeholders from an attempt by a Utility Company to delay a request until the last minute in an attempt to force the Debtors to agree to its request or face cessation of essential service.

27. The relief herein does not undermine the rights of the Utility Companies under the Bankruptcy Code. First, the Cash Deposits are one of the acceptable forms of adequate assurance set forth in Sections 366(b) and (c)(1) of the Bankruptcy Code. Accordingly, the Debtors are not seeking to bypass the limits on forms of security imposed by the Bankruptcy Code.

28.     Second, if this Court determines that the Proposed Adequate Assurance constitutes sufficient adequate assurance under Section 366(b) of the Bankruptcy Code, the Utility Companies may still request modification of such adequate assurance upon notice and a hearing as permitted by the Bankruptcy Code.

29.     Third, the Utility Companies may also exercise their rights under Section 366(c)(2) of the Bankruptcy Code, in accordance with the Additional Adequate Assurance Request Procedures.

30.     Fourth, even after the Additional Adequate Assurance Deadline, the Utility Companies will only be deemed to have received adequate assurance under Section 366(c)(2) of the Bankruptcy Code.  Thus, this determination is subject to further review pursuant to the right of the Utility Companies, or any party in interest, after notice and a hearing, to seek a modification of the Proposed Adequate Assurance in accordance with Sections 366(b) and 366(c)(3) of the Bankruptcy Code, as applicable.

WHEREFORE, for reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as <u>Exhibit B</u>, (i) approving the Debtors' Proposed Adequate Assurance of payment to the Utility Companies; and (ii) authorizing and approving the Additional Adequate Assurance Request Procedures.

This 6th day of May, 2016.

RESPECTFULLY SUBMITTED:

*/s/ William L. Norton III.*
William L. Norton III (TN 10075)
BRADLEY
1600 Division St., Suite 700
Nashville, TN 37203
Tel: (615) 252-2397
bnorton@bradley.com

*Attorney for Debtors*

- 12 -

| Debtor | Facility | Address | Number of Beds | Hourly Employees | Salaried Employees | Total Employees |
|--------|----------|---------|----------------|------------------|--------------------|-----------------|
| Aurora Australis, LLC | Aurora Health and Rehabilitation | 310 Emerald Drive Columbus, MS 39702 | 120 | 131 | 8 | 139 |
| Boulevard Terrace, LLC | Boulevard Terrace Rehabilitation and Nursing Center | 1530 Middle Tennessee Blvd. Murfreesboro, TN 37130 | 100 | 78 | 8 | 86 |
| Eldercare of Jackson County, LLC | Eldercare Health and Rehabilitation | 107 Miller Drive Ripley, WV 25271 | 120 | 106 | 11 | 117 |
| Elderscript Services, LLC | N/A – Pharmacy | Six Cadillac Drive, Suite 310 Brentwood, TN 37027 | N/A | 18 | 8 | 26 |
| Glen Oaks, LLC | Glen Oaks Health and Rehabilitation | 1101 Glen Oaks Road Shelbyville, TN 37160 | 130 | 96 | 7 | 103 |
| Palace RBS, LLC | The Palace Healthcare and Rehabilitation | 309 Main Street Red Boiling Springs, TN 37150 | 119 | 93 | 8 | 101 |
| Shady Lawn, LLC | Shady Lawn Health and Rehabilitation Center | 60 Shady Lawn Place Vicksburg, MS 39180 | 100 | 101 | 10 | 111 |
| Vanguard Financial Services, LLC | N/A – Central back office | Six Cadillac Drive, Suite 310 Brentwood, TN 37027 | N/A | 15 | 11 | 26 |
| Vanguard Healthcare, LLC | N/A – Parent company | Six Cadillac Drive, Suite 310 Brentwood, TN 37027 | N/A | N/A | N/A | N/A |

| Debtor | Facility | Address | Number of Beds | Hourly Employees | Salaried Employees | Total Employees |
|---|---|---|---|---|---|---|
| Vanguard Healthcare Services, LLC | N/A – Central back office | Six Cadillac Drive, Suite 310 Brentwood, TN 37027 | N/A | 1 | 15 | 16 |
| Vanguard of Ashland, LLC | Ashland Healthcare and Rehabilitation | 16056 Boundary Drive Ashland, MS 38603 | 60 | 65 | 6 | 71 |
| Vanguard of Church Hill, LLC | Church Hill Health Care and Rehab | 701 West Main Boulevard Church Hill, TN 37642 | 124 | 107 | 11 | 118 |
| Vanguard of Crestview, LLC | Crestview Health and Rehabilitation | 2030 25th Avenue North Nashville, TN 37208 | 111 | 84 | 7 | 91 |
| Vanguard of Manchester, LLC | Manchester Health Care Center | 395 Interstate Drive Manchester, TN 37355 | 120 | 114 | 7 | 121 |
| Vanguard of Memphis, LLC | Poplar Point Health and Rehabilitation | 131 North Tucker Street Memphis, TN 37355 | 169 | 160 | 12 | 172 |
| Vanguard of Ripley, LLC | Rest Haven Health and Rehabilitation | 103 Cunningham Drive Ripley, MS 38663 | 60 | 49 | 4 | 53 |
| Vicksburg Convalescent, LLC | Vicksburg Convalescent Center, LLC | 1708 Cherry Street Vicksburg, MS 39180 | 100 | 90 | 8 | 98 |
| Whitehall OpCo, LLC | Whitehall Boca Raton | 7300 Del Prado South Boca Raton, FL 33433 | 154 | 206 | 17 | 223 |

Case 3:16-bk-03296   Doc 7   Filed 05/06/16   Entered 05/06/16 14:30:29   Desc Main
Document     Page 14 of 24

| Debtor | Facility | Address | Number of Beds | Hourly Employees | Salaried Employees | Total Employees |
|---|---|---|---|---|---|---|
| | | **TOTALS** | 1587 | 1514 | 158 | 1672 |

3

**Exhibit B**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN  37027 | ) | |
| Debtors. | | |

**ORDER UNDER BANKRUPTCY CODE SECTION 366 (I) APPROVING THE
DEBTORS' ADEQUATE ASSURANCE OF PAYMENT OF UTILITY COMPANIES;
AND (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY
UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon the motion (the "Motion")[1] of the above-captioned Debtors (the "Debtors") for the

entry of an order, pursuant to Section 366 of Title 11 of the United States Code (the "Bankruptcy

---

[1] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Motion.

Code"), (i) approving the Debtors' adequate assurance of payment of the Debtors' utility companies identified in Exhibit 1 to this Order (the "Utility Companies," and each a "Utility Company"), and (ii) establishing a procedure for resolving requests by any of the Utility Companies for additional adequate assurance; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted.

2.      All Utility Companies in possession of a security deposit shall be authorized to continue to hold such security deposit (the "Cash Deposits") as adequate assurance of payment for Utility Services (as defined in the Motion).

3.      The Cash Deposits, in conjunction with Debtors' ability to pay for future utility services in the ordinary course of business and the administrative expense priority afforded to the Utility Companies for post-petition Utility Services (collectively, the "Proposed Adequate Assurance"), shall serve as adequate assurance of payment, under Section 366(b) of the Bankruptcy Code, for charges incurred by the Debtors for Utility Services provided by the Utility Companies after the Petition Date.

4.      The following Additional Adequate Assurance Procedures are hereby approved, as follows:

(a)      Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment.

- 2 -

(b)     The Debtors will serve the Motion and a copy of this Order on the Utility Companies within three (3) business days after entry of this Order.

(c)     In the event that a Utility Company maintains that the Proposed Adequate Assurance is not satisfactory adequate assurance of payment as contemplated by Section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance in addition to or in lieu of its rights with respect to the Proposed Adequate Assurance so that it is received by the Debtors and their counsel no later than five (5) business days prior to the Determination Hearing (as defined below) (the "Additional Adequate Assurance Request Deadline").

(d)     Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) set forth the appropriate account number(s) associated with services, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) set forth a fax and electronic mail address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e)     Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will either (i) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing (as defined below) that the Additional Adequate Assurance Request is acceptable, (ii) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (iii) contest the Utility Company's request pursuant to Bankruptcy Code section 366(c)(3) at a hearing to be held on or before the day that is thirty (30) days after the Petition Date, or such other date as the Debtors and the Utility Company may agree (the "Determination Hearing").

(f)     The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Proposed Adequate Assurance and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.

5.     Absent further order of this Court, the Utility Companies, including any subsequently-added Utility Companies, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtors on account of unpaid prepetition invoices or due to the commencement of this case, or requiring the Debtors to pay an additional deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

- 3 -

6. Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' Chapter 11 cases, except as provided in Sections 366(b)(2) or 366(c)(3) of the Bankruptcy Code.

7. The Debtors are authorized, in their sole discretion, to amend Exhibit 1 to the Proposed Order to add or delete any entity, and this Order shall apply to any such entity that is subsequently added to Exhibit 1, the Debtors shall serve a copy of this Order on such Utility Company, along with an amended Exhibit 1, and such subsequently-added entities shall have twenty (20) days from service of the Order to make an Additional Adequate Assurance Request. For any entity that is removed from Exhibit 1, the Debtors shall provide notice of such entity's removal and such entity shall have twenty (20) days from service of the notice to file and objection with the Court and serve such objection on counsel to the Debtors so as to be received by such date. If an objection is not property filed and served, the entity will be deemed removed from Exhibit 1 and will not be treated as a Utility Company for purposes of this Order. In the event an objection is properly filed and served, the Court shall schedule a hearing to consider such entity's removal and objection thereto. Pending resolution of the objection, the entity shall continue to be treated as a Utility Company for purposes of this Order.

8. In the event that any Utility Company, including a subsequently-added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, such request shall be treated as a request under Sections 366(b) or 366(c)(3) of the Bankruptcy Code, as applicable, and shall be granted, if at all, only

- 4 -

after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including Sections 366(b) or 366(c)(3) of the Bankruptcy Code.

9. To the extent any entity that is not listed on <u>Exhibit 1</u> believes it provides the Debtors with Utility Services within the meaning of Section 366 of the Bankruptcy Code, that entity must make a written request to be added to the list within twenty (20) days of the date of this Order. Failure to make a written request within the twenty (20) day time period bars such entity from terminating the services it provides to the Debtor pursuant to Section 366 of the Bankruptcy Code.

10. Notwithstanding anything to the contrary herein, the Debtors' rights to challenge any claim on any basis filed pursuant to Section 503(b)(9) of the Bankruptcy Code, including, without limitation, claims filed by Utility Companies or entities removed or deemed removed from <u>Exhibit 1</u>, are preserved.

11. The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors.

12. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Section 365 of the Bankruptcy Code.

13. Nothing in this Order or the Motion shall be deemed to constitute an admission by the Debtors that any Utility Company listed in <u>Exhibit 1</u> provides utility services subject to the protections and procedures of Section 366 of the Bankruptcy Code.

14. Notwithstanding Bankruptcy Rule 6003, this Order shall be effective and enforceable upon entry hereof.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY**:**


/s/ William L. Norton III.
William L. Norton III
BRADLEY
1600 Division St., Suite 700
Nashville, TN 37203
Tel: (615) 252-2397
bnorton@bradley.com

*Attorney for Debtors*

**EXHIBIT 1**

**UTILITY COMPANIES**

Verizon
P.O. Box 660108
Dallas, TX  75266-0108

Comcast
P.O. Box 53099
Atlanta, GA  30353-0099

AT&T
P.O. Box 105262
Atlanta, GA  30348-5262

North Central Telephone Cooperative
PO Box 70
Lafayette, TN  37083-0070

Southern Telecommunications
P.O. Box 12865
Jackson, MS  39236

Bulk TV & Internet
P.O. Box 78131
Milwaukee, WI  53278

Cable One
P.O. Box 900109
Louisville, KY  40290-1009

Columbus Light & Water
P.O. Box 949
Columbus, MS  39703

Atmos Energy
P.O. Box 790311
St. Louis, MO  63179-0311

Waste Pro
PO Box 865271
Orlando, FL  32886-5271

Maxx South Broadband
PO Box 10027
Toledo, OH  43699-0027

Holly Springs Utility Dept.
P.O. Box 520
Holly Springs, MS  38635

Suburban Propane
PO Box 12124
Fresno, CA  93776-2124

Benton County Waste
P.O. BOX 236
Ashland, MS  38603

Town of Ashland
Box 246
Ashland, MS  38603

Ripley Video Cable
P.O. Box 368
Ripley, MS  38663

Tippah Electric
109 Cooper St.
Ripley, MS  38663

Dees Oil
311 City Avenue So.
Ripley, MS  38663

Ripley Water and Gas
500 South Main Street
Ripley, MS  38663

Waste Management
P.O. Box 9001054
Louisville, KY  40290-1054

Vicksburg Video
Dept 1228/PO Box 2153
Birmingham, AL  35287

Vicksburg Water & Gas
801 Washington St.
Vicksburg, MS  39183

Holston Electric
PO Box 190
Rogersville, TN  37857-0190

Allied Waste Services
P.O. Box 9001099
Louisville, KY  40290-1099

USA Mobility
P.O. Box 660324
Dallas, TX  75266-0324

Cumberland Oil Company
7260 Centennial Blvd.
Nashville, TN  37209

Metro Water Services
1700 3rd Avenue North
Nashville, TN  37208

Shelbyville Power & Water
P.O. Box 530
Shelbyville, TN  37162

Elk River Public Utility
P.O. Box 970
Tullahoma, TN  37388

Memphis Light Gas & Water
220 S. Main St.
Memphis, TN  38103

Waste Industries
3301 Benson, Ste. 601
Raleigh, NC  27609

Entergy
P.O. Box 8105
Baton Rouge, LA  70891-8105

Charter Communications
P.O. Box 742613
Cincinnati, OH  45274-2613

Hawkins County Gas Utility
P.O. Box 667
Rogersville, TN  37857

First Utility Dist. Hawkins Co.
P.O. Box 8
Church Hill, TN  37642

Nashville Electric Service
1214 Church St.
Nashville, TN  37246

Piedmont Natural Gas
P.O. Box 33068
Charlotte, NC  28210

Charter Communications
P.O. Box 742613
Cincinnati, OH  45274-2613

Duck River Electric
P.O. Box 89
Shelbyville, TN  37160

City of Manchester
200 W. Fort Street
Manchester, TN  37355

Murfreesboro Electric
205 N. Walnut
Murfreesboro, TN  37130

Murfreesboro Water and Sewer
330 NW Broad Street
Murfreesboro, TN  37130

Suddenlink
P.O. Box 660365
Dallas, TX  75266-0365

Amerigas Propane LP
P.O. Box 371473
Pittsburgh, PA  15250-7473

City of Ripley
203 South Church Street
Ripley, WV  25271-1509

Florida Public Utilities
PO Box 2137
Salisbury, MD  21802-2137

City of Boca Raton
201 W. Palmetto Park Rd.
Boca Raton, FL  33432

Tupelo Water & Light Company
P.O. Box 588
Tupelo, MS  38802

Appalachian Power
P.O. Box 24413
Canton, OH  44701-4413

Mountaineer Gas Company
P.O. Box 5201
Charleston, WV  25361-0201

Florida Power & Light Company
General Mail Facility
Miami, FL  33188-0001

Southern Waste Systems, LLC
P.O. Box 863583
Orlando, FL  32866-3583

FPL Fibernet
P.O. Box 026021
Miami, FL  33102

PAETEC
PO Box 9001111
Louisville, KY  40290-1111