IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | |
| Vanguard Financial Services, LLC | ) | |
| Aurora Australis, LLC | ) | |
| Boulevard Terrace, LLC | ) | |
| Eldercare of Jackson County, LLC | ) | |
| Elderscript Services, LLC | ) | |
| Glen Oaks, LLC | ) | |
| Palace RBS, LLC | ) | |
| Shady Lawn, LLC | ) | |
| Vanguard of Ashland, LLC | ) | |
| Vanguard of Church Hill, LLC | ) | |
| Vanguard of Crestview, LLC | ) | |
| Vanguard of Manchester, LLC | ) | |
| Vanguard of Memphis, LLC | ) | |
| Vanguard of Ripley, LLC | ) | |
| Vicksburg Convalescent, LLC | ) | |
| Whitehall OpCo, LLC | ) | |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | |
| Brentwood, TN  37027 | ) | |
|         Debtors. | ) | |

**APPLICATION TO APPROVE EMPLOYMENT OF
BMC GROUP, INC. AS NOTICING AGENT**

Vanguard Healthcare, LLC and the above Debtors (the "Debtors" or "Vanguard") as Debtors in possession, hereby this Application (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to 28 U.S.C. § 156(c) and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to retain BMC Group, Inc. ("BMC Group") as their noticing agent effective as of the Petition Date (defined below).  In support of this Application, the

1/3999840.2

Debtors rely on the Declaration of Tinamarie Feil (the "Feil Declaration") attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The predicates for the relief requested herein are 28 U.S.C. § 156(c) and Bankruptcy Rule 2002.

## RELIEF REQUESTED

3. Debtors filed voluntary petitions on May 6, 2016 (the "Petition Date"). By this Application, the Debtors seek entry of the Proposed Order authorizing them to retain BMC Group as their noticing agent effective as of the Petition Date in accordance with the terms and conditions of the Agreement for Services, dated May 3, 2016 (the "Agreement"), by and between the Debtors and BMC Group. A copy of the Retention Agreement is attached to the Feil Declaration as Exhibit 1.

4. BMC Group specializes in Chapter 11 administration and related tasks, including noticing and other administrative tasks in Chapter 11 cases. The Debtors desire to engage BMC Group to prepare and send certain designated notices. The Debtors believe that such assistance will expedite service of notices and permit the Debtors to focus on their reorganization efforts. BMC Group has substantial experience in matters of this size and complexity, and has acted as the official notice agent in many large bankruptcy cases filed in this and other districts.

5. In the continuance of Debtors' business and the pending Chapter 11 cases, it will be necessary for Chapter 11 administrative services to be rendered for which it is necessary to

retain such a noticing agent. These services include, if necessary, at the request of the Debtors or the Office of the Clerk of the Court (the "Clerk's Office"):

(a) notify all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the date for the first meeting of creditors, pursuant to Section 341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b) maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") listing the Debtors' known creditors and the amounts owed thereto;

(c) notify all potential creditors of the existence and amount of their respective claims, as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d) furnish a notice of the last day for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(f) for all notices, file with the Clerk's Office an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date mailed, within seven days of service; and

(g) thirty days prior to the close of these cases, arrange to have submitted to the Court a proposed order dismissing BMC Group and terminating the services of BMC Group upon completion of its duties and responsibilities and upon the closing of these cases;

6. By appointing BMC Group as the noticing agent in these Chapter 11 cases, the Debtors and the creditors of their estates will benefit from BMC Group's significant experience in acting as noticing agent in other cases and the efficient and cost effective methods that BMC Group has developed in its years of providing case administration services. Utilizing BMC

Case 3:16-bk-03296 Doc 8 Filed 05/06/16 Entered 05/06/16 14:34:05 Desc Main
Document Page 3 of 12

Group as the Debtors' noticing agent in these cases will allow the Debtors to avoid duplication in claims administration and in providing notices to their creditors.

7. Additionally, the large number of creditors (approximately 700) and other parties-in-interest involved in the Debtors' Chapter 11 cases would almost certainly impose heavy administrative and other burdens upon the Court and the Clerk's Office. To relieve the Court and the Clerk's Office of these burdens, the Debtors propose to engage BMC Group as their noticing and claims agent in these Chapter 11 cases.

8. The Debtors request authority to compensate and reimburse BMC Group in accordance with the payment terms, procedures and conditions set forth in the Agreement for services rendered and expenses incurred in connection with these cases.

9. As set forth in the Agreement, BMC Group will be compensated in the ordinary course of business based on the services it provides at the rates set forth therein. The Debtors submit that the Agreement contemplates compensation at a level that is reasonable and appropriate for services of this nature, and is consistent with the compensation arrangement charged by BMC Group in other cases in which it is retained to provide similar services. Prior to the filing of the Debtors' Chapter 11 petitions, BMC Group was paid a retainer of $5,000.00 (the "Retainer"), which was to be first applied to bring any outstanding balance for fees and expenses current.

10. The Debtors request that the fees and expenses of BMC Group incurred in the performance of the above services be treated as an administrative expense of the Debtors' Chapter 11 estates and be paid by the Debtors in the ordinary course of business; provided, however, that BMC Group shall apply the balance of its Retainer (after the payment of prepetition fees and expenses) against any postpetition fees and expenses prior to payment under

any carve-out provided for in any cash collateral or financing orders entered in the Chapter 11 cases. Accordingly, BMC Group will not be required to file interim or final applications in these cases for fees or expenses paid in accordance with the Retention Agreement.

11. If any dispute arises between BMC Group and the Debtors with respect to fees and expenses, such dispute shall be presented to the Court for resolution thereof.

12. In the event these Chapter 11 cases are converted to cases under Chapter 7 of the Bankruptcy Code, the Debtors request that BMC Group continue to be paid for its services until the claims filed in these cases have been completely processed, and that if a noticing agent is necessary in the converted Chapter 7 cases, BMC Group would continue to be paid in accordance with 28 U.S.C. § 156(c).

13. BMC Group has informed the Debtors that it would maintain records of all services provided, showing dates, categories of services, fees charged, and expenses incurred and that it would serve monthly invoices on the Debtors, counsel for the Debtors, the Office of the United States Trustee (the "U.S. Trustee") and any official committees that may be appointed in these Chapter 11 cases.

14. BMC Group will comply with all requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

15. Although the Debtors do not propose to retain BMC Group under section 327 of the Bankruptcy Code, BMC Group nonetheless has reviewed its electronic database and, to the best of its knowledge and except as disclosed in the Feil Declaration, BMC Group does not (a) hold or represent an interest materially adverse to the Debtors' estates with respect to any matter

for which it will be employed or (b) have any materially adverse connection to the Debtors, their creditors or other relevant parties.

16. As set forth in the Feil Declaration, (i) BMC Group is not a creditor of the Debtors as of the Petition Date; and (ii) BMC Group is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

17. As further set forth in the Feil Declaration, BMC Group represents, among other things, that:

(a) it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as noticing and claims agent in these Chapter 11 cases;

(b) by accepting employment in these Chapter 11 cases, it waives any right to receive compensation from the United States government in its capacity as noticing and claims agent in these cases;

(c) in its capacity as noticing agent in these cases, it is not an agent of the United States government and is not acting on behalf of the United States government; and

(d) it will not employ any past or present employees of the Debtors for work involved in these Chapter 11 cases.

18. To the extent BMC Group discovers any new relevant facts or relationship bearing on the matters described herein during the period of its retention, BMC Group will use reasonable efforts to supplement the Feil Declaration.

## BASIS FOR RELIEF REQUESTED

19. Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties in interest in bankruptcy cases. Under Bankruptcy Rule 2002, the Court may direct that some person other than the Clerk's Office give notice of the various matters described below.

20. Moreover, 28 U.S.C. § 156(c), which governs the staffing and expenses of bankruptcy courts, states in pertinent part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21. For all the foregoing reasons, the Debtors believe that the retention of BMC Group as the noticing agent is appropriate and in the best interests of the Debtors, their estates and the creditors. As an administrative agent and an adjunct to the Court, the Debtors do not believe that BMC Group is a "professional person" whose retention is subject to approval under Section 327 of the Bankruptcy Code or whose compensation is subject to approval of the Court under Sections 330 and 331 of the Bankruptcy Code.

WHEREFORE, Debtors pray that the Court (i) enter an order substantially in the form of the Proposed Order attached hereto as <u>Exhibit B</u> granting the relief requested herein, and (ii) grant the Debtors such other and further relief as the Court may deem just and proper.

This 6th day of May, 2016.

Respectfully Submitted:

*/s/ William L. Norton III*
William L. Norton, III (# 10075)
BRADLEY
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@bradley.com

*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Vanguard Healthcare, LLC, ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC ) | |
| Vanguard Financial Services, LLC ) | |
| Aurora Australis, LLC ) | |
| Boulevard Terrace, LLC ) | |
| Eldercare of Jackson County, LLC ) | |
| Elderscript Services, LLC ) | |
| Glen Oaks, LLC ) | |
| Palace RBS, LLC ) | |
| Shady Lawn, LLC ) | |
| Vanguard of Ashland, LLC ) | |
| Vanguard of Church Hill, LLC ) | |
| Vanguard of Crestview, LLC ) | |
| Vanguard of Manchester, LLC ) | |
| Vanguard of Memphis, LLC ) | |
| Vanguard of Ripley, LLC ) | |
| Vicksburg Convalescent, LLC ) | |
| Whitehall OpCo, LLC ) | |
| ) | |
| Six Cadillac Dr., Suite 310 ) | |
| Brentwood, TN 37027 ) | |
| Debtors. | |

**ORDER APPROVING EMPLOYMENT OF BMC GROUP, INC.
AS NOTICING AND CLAIMS AGENT FOR THE DEBTORS**

Upon consideration of the application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to 28 U.S.C. § 156(c) and Rule 2002 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing

---

[1] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

1/3999840.2

the Debtors to retain BMC Group, Inc. ("<u>BMC Group</u>") as noticing agent ("<u>Noticing Agent</u>"), pursuant to the terms of the Agreement for Services, dated May 3, 2016 (the "<u>Agreement</u>"), attached to the Application as <u>Exhibit 1</u> to the Declaration of Tinamarie Feil; it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk of the United States Bankruptcy Court for the Middle District of Tennessee; and the Court being authorized pursuant to 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in Title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being satisfied that BMC Group has the capability and experience to provide such services and that BMC Group does not hold an interest adverse to the Debtors or their estates respecting the matters upon which they are to be engaged; and the Court having found that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Application and these Chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) good and sufficient notice of the Application having been given; (e) no other or further notice being required; (f) the employment of BMC Group is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and (g) good and sufficient cause exists for granting the Application; it is hereby ORDERED

1.  The Motion is granted.

2.  The Debtors are authorized, pursuant to 28 U.S.C. § 156(c) and Rule 2002(a) of the Federal Rules of Bankruptcy Procedure to retain and employ BMC Group as their Noticing Agent in these cases, upon the terms and conditions set forth in the Application and in the Agreement *nunc pro tunc* to the date of filing of these cases.

3.  The Agreement is approved in its entirety.

1/3999840.2                                                     - 2 -

Case 3:16-bk-03296    Doc 8    Filed 05/06/16    Entered 05/06/16 14:34:05    Desc Main
                        Document      Page 10 of 12

4. The Debtors are authorized to compensate BMC Group for its services and reimburse BMC Group for any related expenses in accordance with applicable provisions of the Agreement without the need for BMC Group to file any fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses, and such fees and expenses of BMC Group shall be treated as administrative expenses of the Debtors' Chapter 11 estates and shall be paid by the Debtors in the ordinary course of business; provided, however, that BMC Group shall apply the balance of its Retainer (after the payment of prepetition fees and expenses) against any postpetition fees and expenses prior to payment under any carve-out provided for in any cash collateral or financing orders entered in the Chapter 11 cases.

5. In the event these Chapter 11 cases are converted to cases under Chapter 7 of the Bankruptcy Code, BMC Group will continue to be paid for its services until the claims filed in these Chapter 11 cases have been completely processed, and that if a noticing agent is necessary in the converted Chapter 7 cases, BMC Group shall continue to be paid in accordance with 28 U.S.C. § 156(c).

6. In the event that BMC Group is unable to provide the services set out in this Order, BMC Group will immediately notify the Clerk's Office and the Debtors and their counsel and cause to have all original proofs of claim (if applicable) and computer information turned over to another noticing agent with the advice and consent of the Clerk's Office and the Debtors and their counsel.

7. This Court shall retain exclusive jurisdiction over all matters arising out of or related to the Application, the Agreement, and this Order.

1/3999840.2 - 3 -

Case 3:16-bk-03296 Doc 8 Filed 05/06/16 Entered 05/06/16 14:34:05 Desc Main Document Page 11 of 12

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

*/s/ William L. Norton III*
William L. Norton, III (# 10075)
Bradley
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@bradley.com

*Attorneys for Debtors*