
Randal S. Mashburn
U.S. Bankruptcy Judge
Dated: 5/11/2016



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Vanguard Healthcare, LLC, | ) | Case No. 16-03296 |
| Vanguard Healthcare Services, LLC | ) | Case No. 16-03297 |
| Vanguard Financial Services, LLC | ) | Case No. 16-03298 |
| Aurora Australis, LLC | ) | Case No. 16-03300 |
| Boulevard Terrace, LLC | ) | Case No. 16-03302 |
| Eldercare of Jackson County, LLC | ) | Case No. 16-03308 |
| Elderscript Services, LLC | ) | Case No. 16-03306 |
| Glen Oaks, LLC | ) | Case No. 16-03310 |
| Palace RBS, LLC | ) | Case No. 16-03312 |
| Shady Lawn, LLC | ) | Case No. 16-03313 |
| Vanguard of Ashland, LLC | ) | Case No. 16-03314 |
| Vanguard of Church Hill, LLC | ) | Case No. 16-03315 |
| Vanguard of Crestview, LLC | ) | Case No. 16-03316 |
| Vanguard of Manchester, LLC | ) | Case No. 16-03317 |
| Vanguard of Memphis, LLC | ) | Case No. 16-03318 |
| Vanguard of Ripley, LLC | ) | Case No. 16-03319 |
| Vicksburg Convalescent, LLC | ) | Case No. 16-03321 |
| Whitehall OpCo, LLC | ) | Case No. 16-03322 |
| | ) | |
| Six Cadillac Dr., Suite 310 | ) | Judge Mashburn |
| Brentwood, TN  37027 | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER ON DEBTORS' MOTION TO ADMINISTRATIVELY CONSOLIDATE AFFILITATED CASES AND APPROVE CASE MANAGEMENT PROCEDURES**

Upon the Motion[1] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to Sections 102 and 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to administratively consolidate the above Chapter 11 cases and establish

---

[1]  Any capitalized terms not defined herein shall have the meaning attributed to them in the accompanying Motion.

certain notice, case management and administrative procedures as is more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and notice of the Motion having been adequate and apparent under the circumstances; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1. Each of the above Chapter 11 cases will be administratively consolidated into the Chapter 11 case of Vanguard Healthcare, LLC, Case No-03296

2. Every notice, motion or application, required to be noticed by reference to Bankruptcy Rule 1007(d), 2002(a)(3), 2002(a)(6) (collectively, the "Filings") shall be subject to the notice procedures described herein (the "Notice Procedures"), which Notice Procedures are hereby implemented and approved pursuant to Sections 102(1) and 105 of the Bankruptcy Code and Bankruptcy Rules 2002(i), 2002(m) and 9007.

3. All Filings shall be filed with the Court in accordance with regular Court procedures.

4. BMC Group, Inc. ("BMC Group") shall act as the official noticing agent in this case, as more fully described below.

5. BMC Group shall monitor the docket in this case and coordinate with Debtors' counsel to ensure that BMC Group has copies of all Filings in the Debtors' case. BMC Group will provide the U.S. Trustee all updated service lists.

6. All Filings in this case shall be served upon the "Master Service List" as follows:

   a. The Debtors and their counsel;

   b. The Office of the United States Trustee;

   c. Centers for Medicare & Medicaid Services;

d. State of Tennessee Department of Health Division of Health Licensure and Regulation Office of Health Care Facilities;

e. Florida Agency for Health Care Administration Division of Health Quality Assurance;

f. Mississippi State Department of Health;

g. West Virginia Department of Health and Human Resources;

h. The U.S. Attorney for each district in which the Debtors operate;

i. The Debtors' consolidated list of fifty largest unsecured creditors, until such time as an unsecured creditor's committee is formed pursuant to Section 1102 of the Bankruptcy Code (the "Committee");

j. Counsel to any Committee;

k. Counsel to all individual tort claimants in litigation pending at the Petition Date;

l. All secured creditors and counsel;

m. All Tennessee local counsel having entered a notice of appearance in these cases, but in each such case only one copy of the Filing regardless of how many creditors or parties in interest the Tennessee Local Counsel represents; and

n. All parties requesting notice by filing a request for notice in the case ("2002 List Parties").

Parties may be added or deleted from the Master Service List upon written request for good and sufficient cause, in accordance with the procedures set forth in this Order.

7. The Debtors will file and post on the BMC Group website a notice that explains to creditors and parties in interest that only parties listed on the Master Service List will get service of motions, applications or notices that are required to be served on the Master Service List unless that party requests to be included as a 2002 List Parties. Further information regarding the Debtors Such notice on the website shall also explain how a request may be made to be added to the Master Service List. Chapter 11 Cases, including copies of pleadings, notices and forms, can be obtained on the BMC Group website: www.bmcgroup.com/vanguardhealthcare. The Debtors shall serve on all creditors and parties in interest the content of the notice that is posted on the website regarding the Master Service List and access to the BMC Group website.

8. All of the foregoing matters or proceedings set forth in this paragraph of this Order shall be noticed in accordance with the applicable provisions of Bankruptcy Rule 2002; provided, however, that nothing in this Order shall prejudice (i) the rights of any party in interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency *ex parte* consideration or consideration upon shortened time; or (ii) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or (c).

9. Service of all Filings shall be sufficient if by first class mail, electronic mail (if available), or facsimile (if available).

10. Notice given in accordance with the Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States District Court for the District of Tennessee and for the United States Bankruptcy Court for the Middle District of Tennessee.

11. A copy of this Order shall be served by the Debtors or BMC Group on the Master Service List.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**.

APPROVED FOR ENTRY:

/s/ William L. Norton III
William L. Norton III (No. 10075)
BRADLEY
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2397
bnorton@bradley.com

Attorneys for Debtors

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.