IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )<br>) Case No. 16-03296<br>) |
| VANGUARD HEALTHCARE, LLC, et al. | ) JUDGE MASHBURN |
| Debtors. | )<br>)<br>) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO ALLOW CIVIL LITIGATION TO PROCEED
BEFORE THE TENNESSEE SUPREME COURT**

Under 11 U.S.C.§362(d), Daniel Richmond ("Movant"), by counsel, moves this Court for relief from the automatic stay imposed by §362(d) of the Bankruptcy Code. In support of this motion, the Movant states as follows:

MEMORANDUM IN SUPPORT

1. That the Movant, Daniel Richmond is the Plaintiff in a civil action filed against the Debtors, Vanguard Healthcare, LLC, in a case initially styled, *Daniel Richmond v. Vanguard Healthcare Services, LLC, Civil Action No. 2013-cv-12702*. This matter is presently pending review before the Tennessee Supreme Court, *Civil Action M2014-02461-SC-R11-CV* and is attached hereto as Exhibit 1 and is incorporated herein by reference. Plaintiff alleges in his Complaint that Defendants terminated him in retaliation for reporting and investigating an incident of suspected elder neglect in violation of several Tennessee laws that prohibit such misconduct, including the Tennessee Public Protection Act and common law;

2. That on or around May 6, 2016, the Debtors and each of its affiliated companies (including Glen Oaks Health & Rehabilitation, LLC) filed for bankruptcy protection under Chapter 11 of the

United States Bankruptcy Code, which were administratively consolidated under Vanguard Healthcare, LLC, *Bankruptcy Case No. 16-03296* in this Court;

3. That upon information and belief, the Debtors have available insurance coverage against liability for the claims in the civil court actions referenced above. The Movant herein seeks to proceed with the civil litigation in the Tennessee Supreme Court for purposes resolving the important legal questions in this case and/or to recover any insurance coverage;

4. That based on the foregoing, the Movant seeks relief from the automatic stay "for cause" under §362(d)(1) to proceed to recover from Debtors insurance coverage;

5. That upon information and belief, there is available insurance coverage by which to cover the claims of the Movant against the Debtors, and allowing the civil action litigation to proceed will cause no harm to the Debtor or the bankruptcy estate;

6. As the legislative history of §362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their *chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere*." In re Lamberjack, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess., 50)(emphasis added).

7. That determining as to whether "cause" exists, most Courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." In re R. J. Groover Constr*., LLC,* 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, Courts have considered numerous factors, including:

    (a) Whether relief would result in partial or complete resolution of the issues;

    (b) The lack of any connection with or interference with the bankruptcy case;

(c) Whether other proceeding involves the Debtor as a fiduciary;

(d) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(e) Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

(f) Whether the action primarily involves third parties;

(g) Whether litigation in another forum would prejudice the interests of other creditors;

(h) Whether the judgment claim arising from the other action is subject to equitable subordination;

(i) Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

(j) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(k) Whether the parties are ready for trial in the other proceeding;

(l) The impact of the stay on the parties and the balance of harm.

In re New York Medical Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also* Sonnax Industries, Inc. v. Tri Component Production Corp. *(In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); Goya Foods, Inc. v. Unanue-Casual, *(In re Unanue-Casal)* 159 B.R. 90, 96 (D.P.R. 1993) *aff'd* 23 F.3d 395 (1st Cir. 1994); In re Busch, 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, Courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. In re Mezzeo, 167 F.3d 139, 143 (2d Cir. 1999). In this case, several

of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movant can proceed with his employment claims before the Tennessee Supreme Court.

8. That determining whether "cause" exists to permit the Movant to proceed with his circuit court litigation is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." In re Indian River, 293 B.R. at 433. Because no harm will befall the Debtors, Movant may effectively be prejudiced by delaying his employment claims, and important questions of Tennessee Law may remain unresolved and uncorrected, a lifting of the stay is appropriate.

### A. LIFTING THE STAY TO ALLOW THE SUPREME COURT TO REVIEW THIS CASE WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTORS AND THE MOVANT

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between the Movant and the Debtors is the underlying employment action. If the Court lifts the stay and allows the Movant to proceed and litigate his employment claim, the relationship between the Movant and the Debtors will be over. In fact, if the Supreme Court renders a holding in favor of Debtors or declines to review, Mr. Richmond's claims against Debtors will be over – therefore aiding the administration of the Bankruptcy proceedings.

### B. LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE

Whether the Supreme Court review is connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movant seeks to liquidate his claims in the Tennessee Supreme Court in order to recover under the applicable insurance policies and from other non-debtor sources. "Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases the Movant has

stipulated that any recovery will be sought from the Debtor's insurer or a codefendant." In re Peterson, 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." In re 15375 Memorial Corp., 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; In re Grace Indus., Inc., 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also see, In re Todd Shipyards Corp., 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtors available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtors, such relief does not interfere with the bankruptcy proceedings.")

### C. THE DEBTORS HAVE AVAILABLE INSURANCE COVERAGE THROUGH ITS INSURANCE CARRIER

The next relevant factor is whether the Debtors have applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the circuit court litigation. If so, then lifting the stay to allow the circuit court litigation to proceed will not prejudice the Debtors. That upon information and belief, the Debtors have liability insurance coverage for the periods in which the claims filed by Daniel Richmond took place.

### D. LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS

Another factor that supports granting the motion to lift the stay is that the Supreme Court resolution of this case will not prejudice the interests of other creditors. Movant will collect any judgment against the Debtors solely from the applicable insurance proceeds and/or other nondebtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting the motion because the Movant will not be able to enforce any judgment directly against the Debtor or its

estate.  See R.J. Groover Construction, 411 B.R. at 465; In re Loudon, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); In re; G.S. Distribution, Inc., 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court); In re 15375 Memorial Corp., 382 B.R. at 690 (lifting the stay because Movants "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

### E.  CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTORS

 Movant may effectively be harmed by delaying the civil court action.  The mere existence of a bankruptcy action does not deny the Movant the opportunity to prosecute his case.  In re Brock Laundry Machine Co., 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984).  In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award.  Id.  Therefore, courts lift the stay under §362(d) and allow Movant/Plaintiff to recover under any applicable insurance policy coverage.  Id.

### CONCLUSION

 "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages.  It was merely intended to prevent a prejudicial dissipation of a Debtor's assets.  A lifting of the stay to allow a Plaintiff-Creditor to determine liability will not affect the estate.  It will only allow the Movants to establish the amount of (their) claim. . . . In this respect, a relief from the stay will not violate the purpose for which it was imposed."  In re Brock Laundry Machine Co., 37 B.R. at 567.  On the other hand, Movant believes the interest of judicial economy will be served by lifting the stay to permit the civil court employment case to continue, and, if successful,

proceed against the Debtor's insurance liability carrier for an award of damages, if any. Moreover, the resolution of the key issues for Supreme Court review will aid in the overall administration of justice and resolve important issues of law for which Mr. Richmond's case uniquely presents as ripe for Supreme Court review and resolution. For the reasons stated above, the Movant herein requests that this Court grant his Motion.

WHEREFORE, Movant hereby requests that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. §362 and permit the Movant to proceed in the Supreme Court and to proceed against any insurance coverage of the Debtors, Vanguard Healthcare, LLC.

THE WINFREY FIRM

Date: September 5, 2016      By:      /s/ Brian C. Winfrey_____
Brian C. Winfrey (#025766)
2002 Richard Jones Rd., Suite B-200
Nashville, TN 37215
Phone: (615) 473-3243
Fax: (615) 523-0200
Email: brian@thewinfreyfirm.com

**Attorneys for Movant**

# CERTIFICATE OF SERVICE

On this 5th day of September 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record U.S. Mail with sufficient postage thereon to insure delivery, or by electronic notice to the following registered CM/ECF participants on this 5th day of September 2016:

James B. Bailey
BRADLEY
1819 Fifth Avenue North
Birmingham, AL 35203

William L. Norton, III
BRADLEY
PO BOX 340025
Nashville, TN 37203

Beth Roberts Derrick
Assistant US Trustee
Office of the US Trustee
701 Broadway, Suite 318
Nashville, TN 37203

Lloyd E. Mueller
US Trustee
701 Broadway, Suite 318
Nashville, TN 37203

Craig Vernon Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Paul G. Jennings
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

Glenn Benton Rose
Bass, Berry & Sims PLC

150 Third Avenue South, Suite 2800
Nashville, TN 37201

John H. Rowland
Jamie DeRensis
Baker Donelson Bearman Caldwell & Berkowitz, PC
211 Commerce Street, Suite 800
Nashville, TN 37201

/s Brian C. Winfrey
Brian C. Winfrey
The Winfrey Firm
2002 Richard Jones Rd. Suite B-200
Nashville, TN 37215