# IN THE SUPREME COURT OF TENNESSEE
# AT NASHVILLE

## DANIEL RICHMOND v. VANGUARD HEALTHCARE SERVICES, LLC ET AL

Bedford County Circuit Court
2013cv12702

No. M2014-02461-SC-R11-CV

Date Printed: 08/19/2016                    Notice / Filed Date: 08/19/2016

---

### NOTICE - Notice (Incoming) - Bankruptcy Status Report Filed

---

The Appellate Court Clerk's Office has entered the above action.

James M. Hivner
Clerk of the Appellate Courts

Volume 1 of 7

# TECHNICAL RECORD

TRIAL COURT NO. 12702
APPEAL NO. M2014-02461-COA-R3-CV

APPEALED FROM
**BEDFORD COUNTY CIRCUIT COURT**
AT <u>SHELBYVILLE, TENNESSEE</u>

Honorable J. B. Cox, Chancellor, by Interchange
<u>MICHELLE MURRAY, CLERK</u>

RECEIVED JAN 26 2015 By _____

FILED FEB 11 2015 Clerk of the Courts Rec'd By _____

TR-7
TE-1

IN THE CASE OF
**DANIEL RICHMOND**
Vs.
**VANGUARD HEALTCHCARE SERVICES, LLC
AND GLEN OAKS HEALTH AND REHABILITAION**
TO THE
**COURT OF APPEALS**
<u>NASHVILLE, DAVIDSON COUNTY TENNESSEE</u>
JUDGMENT OF LOWER COURT:
<u>**Appeals the Final Order of the Court entered on 12/9/14**</u>

---

ATTORNEY FOR PLAINTIFF/APPELLEE:

Brian C. Winfrey
2002 Richard Jones Rd. Suite B-200
Nashville, Tennessee 37215
(615) 601-1276

ATTORNEY FOR DEFENDANT/APPELLANT:

Ben H. Bodzy and Megan M. Sutton
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615)726-5600

FILED _21st_ DAY OF _Jan_ 2015
_Circuit_ COURT _Michelle Murray_ CLERK
NO. _12702_ _Wendy Glover_ DEP. CLERK

Case 3:16-bk-03296 Doc 462-2 Filed 09/05/16 Entered 09/05/16 20:51:54 Desc Exhibit Complaint Page 2 of 14

## Index

| | |
|---|---:|
| Complaint | 1 |
| Answer to Complaint | 7 |
| Scheduling Order | 15 |
| Order Setting Jury Trial | 17 |
| Defendant's Motion for Protective Order | 19 |
| Memorandum of Law in Support of Defendant's Motion for Protective Order | 21 |
| Notice of Hearing | 42 |
| Joint Motion To Amend the Scheduling Order | 44 |
| Agreed Amended Scheduling Order | 46 |
| Report of Rule 31 Proceeding | 48 |
| Joint Motion To Amend the Scheduling Order | 50 |
| Agreed Amended Scheduling Order | 53 |
| Defendants' Motion for Summary Judgment | 55 |
| Notice of Filing in Support of Defendants' Motion for Summary Judgment | 72 |
| Defendants' Memorandum in Support of Their Motion for Summary Judgment | 285 |
| Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment | 354 |
| Defendants' Motion for Summary Judgment | 357 |
| Plaintiff's Exhibit and Witness List | 371 |
| Defendants' Witness List | 374 |

| | |
|---|---|
| Defendants' Exhibit List | 376 |
| Notice of Filing in Support of Plaintiff's Response in Opposition to Defendants Motion for Summary Judgment | 378 |
| Plaintiff's Response to Defendants Motion for Summary Judgment | 993 |
| Plaintiff's Responses to Defendants Statement of Undisputed Facts in Support Of Defendants Motion for Summary Judgment | 1011 |
| Order Granting Summary Judgment | 1018 |
| Memorandum Opinion | 1020 |
| Plaintiff's Notice of Appeal of Judgment | 1025 |
| Defendants' Motion for Discretionary Costs and Incorporated Memorandum In Support | 1030 |

## IN THE CIRCUIT COURT FOR BEDFORD COUNTY, TENNESSEE

| | |
|---|---|
| DANIEL RICHMOND | ) |
| v. | ) Docket No. 2013 CV-12702 |
| | ) Filed this 25 day of Oct 13 |
| VANGUARD HEALTHCARE SERVICES, LLC AND GLEN OAKS HEALTH AND REHABILITATION | ) |
| | By: Jane Carr |

### COMPLAINT

For his Complaint against Defendants Vanguard Healthcare Services, LLC ("Vanguard") and Glen Oaks Rehabilitation ("Glen Oaks") (collectively "Defendants"), Plaintiff Daniel Richmond ("Mr. Richmond") states:

### PARTIES

1. Mr. Richmond is a citizen and resident of Williamson County, Tennessee and former employee of Defendants.

2. Glen Oaks Health and Rehabilitation is a facility located in Shelbyville, Bedford County, Tennessee that provides rehabilitation and restorative nursing services to elderly individuals.

3. Vanguard Healthcare Services owns and operates Glen Oaks Health and Rehabilitation, and owns several facilities that provide nursing home, rehabilitation, and restorative nursing services to the elderly throughout the region. Vanguard does business in Bedford County through Glen Oaks.

4. Vanguard and Glen Oaks will be served through their singular and shared service of process agent, William Orand, 6 Cadillac Dr., Suite 310, Brentwood TN 37027.

1

## JURISDICTION AND VENUE

5. This is an action for damages for unlawful termination of Mr. Richmond in violation of the Tennessee Public Protection Act, T.C.A. 50-1-304, Tennessee Adult Protection Act, T.C.A. 71-6-105, and Tennessee Common Law. The Court has jurisdiction under Tenn. Code Ann. § 4-21-311(d) and § 16-11-101. Venue is proper under Tenn. Code Ann. § 20-4-101. The acts and events complained of in this Complaint occurred in Bedford County, Tennessee.

## FACTS

6. Mr. Richmond worked as the Chief Licensed Nursing Home Administrator at Glen Oaks.

7. The primary purpose of the Nursing Home Administrator is to oversee the day-to-day operation of the entire facility and to review organizational performance.

8. Mr. Richmond had job duties and responsibilities that required him to do the following, among other things:

    - Oversee that residents receive care in a manner and in an environment that maintains or enhances their quality of life without abridging the safety and rights of other residents;

    - Oversee that resident complaints and grievances are reviewed in a timely manner, discuss with the resident and family as appropriate and resolved to a maximize resident quality of life and quality of care; and

    - Ensure that policies and procedures are developed, implemented, monitored and evaluated in order to maintain compliance with federal, state and local rules and regulations.

2

9. Mrs. Willar Grace Harris (Mrs. Harris) is an elderly (in her 80's) resident of Defendants at Glen Oaks. Mrs. Harris' son, Richard Sanders, frequently visits the facility and assists in the care and treatment of his mother.

10. On or about Wednesday, September 4, 2013, Mr. Sanders angrily insisted on making a complaint of negligence against the Director of Nursing at the facility, Mary Beth Bayman. Ms. Bayman was given the responsibility to monitor the health of Ms. Harris, who had weekly visits to a wound clinic for health impairments related to the area of her feet and ankles.

11. Mr. Sanders had raised previous concerns with Glen Oaks and Ms. Bayman regarding the care of his mother, and she had responsibility for her treatment as Director of Nursing.

12. Mr. Sanders specifically told Mr. Richmond that he believed his mom was receiving negligent treatment in the facility, and asserted that he wanted to make a formal complaint of negligence against Glen Oaks and Ms. Bayman.

13. Mr. Sanders insisted that Ms. Bayman was providing insufficient care to his mother that resulted in harm to her.

14. Defendants maintain a corporate policy that mandates that any complaint, allegation, observation, or suspicion of resident abuse, mistreatment or neglect be thoroughly reported, investigated, and documented.

15. During a discussion, Mr. Richmond took a formal statement of Mr. Sanders. Mr. Sanders alleged neglect of his mother by Ms. Bayman. Mr. Richmond asked Mary Beth Bayman to exit the room while he took Mr. Sanders' complaint of neglect.

16. Defendants also have a corporate policy that asserts that "any employee suspected of abuse, neglect, or mistreatment must be suspended as soon as the incident [is made

3

known] pending outcome of the investigation. Ms. Bayman was not suspended by Defendants, despite Mr. Richmond's initiation of the investigation into allegations of negligence by Ms. Bayman.

17. Mr. Richmond's taking of a formal complaint of negligence initiated a process that required Defendants to make a report of its investigative findings on the allegations to the State of Tennessee.

18. Mr. Richmond, as the administrator, was responsible for ensuring that a complete investigation into all alleged incidents of abuse or neglect is completed within 48-72 hours. The Nursing Home administrator is responsible for providing notification of its investigative findings to the interested parties and State of Tennessee.

19. Proximately caused by Mr. Richmond refusal to remain silent against an allegation of patient neglect, Defendants terminated his employment just two days later, on Friday, September 6, 2013.

20. Agents of Vanguard expressed their disdain that he did not keep the incident quiet or diffuse the allegations of neglect by Mr. Sanders.

21. Agents of Defendants expressed their hostility against Mr. Richmond for his initiation of the investigative and reporting process, and his refusal to remain silent about the allegations of abuse or neglect of Mrs. Harris from her son, Richard Sanders.

22. Defendants ultimately terminated Mr. Richmond's employment because refused to remain silent about the allegations of abuse or neglect or negligence of an elderly patient at Glen Oaks.

4

Case 3:16-bk-03296    Doc 462-2    Filed 09/05/16    Entered 09/05/16 20:51:54    Desc
Exhibit Complaint    Page 8 of 14

23. Defendants treated Mr. Richmond differently in the terms, conditions, privileges and benefits of employment than it treated other similarly situated employees who did not refuse to remain silent in the face of allegations of neglect or abuse.

24. Defendants asserted reason for Mr. Richmond's termination is pretextual.

25. As a result of Defendants unlawful conduct, Mr. Richmond has lost income, continued employment, enjoyment of life, and other privileges and benefits of employment.

26. As a result of Defendants conduct, Mr. Richmond has suffered embarrassment, humiliation, stress, anxiety, fear, nightmares, and dignitary harm causing him to have to seek treatment, and has incurred attorneys' fees and expenses.

## CAUSES OF ACTION

### TENNESSEE PUBLIC PROTECTION ACT

27. Plaintiff restates and incorporates herein the foregoing paragraphs.

28. Based on the conduct described in this Complaint, Defendants are liable for violations of the TPPA. The above actions described constitute retaliation in violation of the TPPA for his refusal to remain silent regarding allegations of patient neglect that was occurring at Glen Oaks.

29. Defendants conduct harmed and caused damage to Plaintiff.

### TENNESSEE ADULT PROTECTION ACT

30. Plaintiff restates and incorporates herein the foregoing paragraphs.

31. Based on the conduct described in this Complaint, Defendants are liable for violations of the TAPA. The above actions described constitute retaliation in violation of the TAPA for his refusal to remain silent regarding allegations of patient neglect that was occurring at Glen Oaks.

5

32. Defendants conduct harmed and caused damage to Plaintiff.

### THIRD CAUSE OF ACTION – TENNESSEE COMMON LAW

33. Plaintiff restates and incorporates herein the foregoing paragraphs.

34. Based on the conduct described in this Complaint, Defendants are liable for violations of Tennessee Common law.

35. Defendants conduct harmed and caused damage to Plaintiff.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant:

1. That a trial by jury be had on all triable issues;
2. Judgment in favor of Plaintiff and against Defendant on all Counts in this action;
3. Declaratory judgment that the practices complained of are unlawful and void;
4. Back pay and benefits to Plaintiff;
5. Front pay (future lost pay and benefits);
6. Compensatory damages;
7. Punitive damages;
8. Attorneys' fees and expenses to Plaintiff;
9. Prejudgment interest and, if applicable, post-judgment interest; and
10. Such other and further legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
**Brian C. Winfrey**
Attorney for Plaintiff
(615) 601-1276
2002 Richard Jones Rd.
Suite B-200
Nashville, Tennessee 37215

# IN THE CIRCUIT COURT FOR BEDFORD COUNTY, TENNESSEE

DANIEL RICHMOND )
                               ) Docket No. 2013CV-12702
Plaintiff, )
v. )
VANGUARD HEALTHCARE )
SERVICES, LLC AND GLEN OAKS )
HEALTH AND REHABILITATION )
Defendants. )

## ANSWER TO COMPLAINT

Defendant Vanguard Healthcare Services, LLC ("Vanguard") ("Defendant"), by and through counsel, hereby responds to each and every allegation of Plaintiff Daniel Richmond's ("Plaintiff") Complaint as follows:

### I. PARTIES

1. Defendant is without sufficient information or knowledge to admit or deny the County of Mr. Richmond's residence. Therefore Defendant demands strict proof thereof. Defendant denies that Plaintiff is its former employee and states that Plaintiff was an employee of Glen Oaks, LLC d/b/a Glen Oaks Health and Rehabilitation, a subsidiary of Defendant.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Glen Oaks Health and Rehabilitation is owned and operated by Glen Oaks, LLC, a subsidiary of Vanguard Healthcare Services, LLC. Defendant admits that Vanguard Healthcare Services, LLC owns and operates other nursing home, rehabilitation, and restorative

11. Defendant admits that Mr. Sanders had raised previous concerns with Glen Oaks and Ms. Bayman regarding the care of his mother. Defendant admits that Ms. Bayman, as well as other healthcare providers, had responsibility for various aspects of Ms. Harris' treatment.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Mr. Sanders claimed that Ms. Bayman should have completely removed his mother's sock. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant's policies speak for themselves.

15. Defendant admits the allegations of Paragraph 15 of the Complaint with the clarification that what Mr. Richmond alleged was not neglect, even though he was calling it neglect.

16. Defendant's policies speak for themselves. Defendant is not certain what particular policy Plaintiff is allegedly quoting, and therefore, Defendant is without sufficient information to admit or deny the first sentence of Paragraph 16 of the Complaint. Defendant demands strict proof thereof. Defendant denies that "Ms. Bayman was not suspended." Plaintiff suspended Ms. Bayman.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint as stated, but denies any implications that the events reported by Mr. Sanders were neglect.

19. Defendant admits that it terminated Plaintiff's employment on September 6, 2013. Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

20. Defendant admits the allegations of Paragraph 20 of the Complaint only insofar as Plaintiff should have defused Mr. Sanders' allegations by explaining to him the concept of

N BHB 991970 v1
2826155-000066 11/25/2013

neglect, as Plaintiff was trained to do. Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 contains a legal conclusion to which no response is required. However, to the extent that Paragraph 24 of the Complaint contains a factual allegation, Defendant denies it.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## IV. CAUSES OF ACTION

### TENNESSEE PUBLIC PROTECTION ACT

27. Defendant restates and incorporates the foregoing Paragraphs.

28. Paragraph 28 contains a legal conclusion to which no response is required. However, to the extent that Paragraph 28 of the Complaint contains a factual allegation, Defendant denies it.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

### TENNESSEE ADULT PROTECTION ACT

30. Defendant restates and incorporates the foregoing Paragraphs.

31. Paragraph 31 contains a legal conclusion to which no response is required. However, to the extent that Paragraph 31 of the Complaint contains a factual allegation, Defendant denies it.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

N BHB 991970 v1
2826155-000066 11/25/2013

## TENNESSEE COMMON LAW

33. Defendant restates and incorporates the foregoing Paragraphs.

34. Paragraph 34 contains a legal conclusion to which no response is required. However, to the extent that Paragraph 34 of the Complaint contains a factual allegation, Defendant denies it.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies that Plaintiff is entitled to any of the relief requested in his prayer for relief.

37. All allegations not expressly admitted herein are hereby denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Having fully answered, pursuant to Tennessee Rule of Civil Procedure 8, Defendant pleads the following affirmative defenses in this action without admitting or suggesting that it bear the burden of proof on any of the following issues:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to take reasonable steps to mitigate his alleged damages, his alleged damages that could have been avoided must be reduced.

## THIRD AFFIRMATIVE DEFENSE

In the event that Defendant discovers or otherwise learns of evidence to which the "after-acquired" evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.