IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-bk-03296 |
| VANGUARD HEALTHCARE, LLC ) | Chapter 11 |
| ) | |
| ) | Administratively Consolidated[1] |
| ) | Judge Mashburn |
| Debtor. ) | |

## UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION

The U.S. Trustee, Region 8, hereby objects to the confirmation of the Debtors' First Amended Plan of Reorganization (Docket No. 967). In support of this objection pursuant to 11 U.S.C. § 1129(a)(1),(3) and (5), the U.S. Trustee asserts and alleges as follows:

### 1. Section 1129(a)(3): Quarterly U.S. Trustee Fees

To obtain confirmation, the plan of reorganization must have been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). As proposed, Debtors' Plan attempts to impermissibly characterize the calculation of U.S. Trustee quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6). Section 4.03 of the Plan provides that "the calculation of the fees after the Effective Date of the Plan will be determined as if all the Debtors in this Plan were consolidated for the purposes of making distributions under the Plan."

Section 1930(a)(6) of Title 28 requires that that "a quarterly fee . . . be paid to the United States trustee . . . in each case under chapter 11 of title 11." 28 U.S.C. § 1930(a)(6). The amount of quarterly fees payable under section 1930(a)(6) varies depending upon the total

---

[1] Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Healthcare, LLC (9650); Vanguard Healthcare Services, LLC (7563); Vanguard Financial Services, LLC (3403); Aurora Australis, LLC (7099); Boulevard Terrace, LLC (8709); Elderscript Services, LLC (4179); Eldercare of Jackson County, LLC (7855); Glen Oaks, LLC (8238); Palace RBS, LLC (9601); Shady Lawn, LLC (7397); Vanguard of Ashland, LLC (8367); Vanguard of Church Hill, LLC (1049); Vanguard of Crestview, LLC (9650); Vanguard of Manchester, LLC (6203); Vanguard of Memphis, LLC (4623); Vanguard of Ripley, LLC (1050);Vicksburg Convalescent, LLC (7298); and Whitehall OpCo, LLC (6186).

"disbursements" that a debtor makes during each quarter. "Payments made on behalf of a debtor, whether made directly or indirectly through centralized disbursing accounts, constitute that particular debtor's disbursements for the purpose of quarterly fees calculations under § 1930(a)(6)." *Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 422 (3d Cir. 2005).

The fundamental determinant for liability under section 1930(a)(6) is the existence of a "case." In each, "a quarterly fee shall be paid." These Debtors commenced 18 separate cases; Debtors have not, and have indicated no intent to, substantively consolidate these cases into one case. Because each of the 18 chapter 11 cases commenced by Debtors remain an open case under section 1930(a)(6), fees must be paid in each.

The Debtors provided in their Plan for effective substantive consolidation in areas beneficial to Debtors, *e.g*., Section 4.03 and Section 5.01, Class 5; however, Debtors specifically announced in Section 1.02 that the "Plan does not effect a substantive consolidation." Throughout the course of their reorganization proceedings, Debtors have had the benefit of sophisticated and experienced counsel and with the benefit of that counsel, Debtors have made the business decision not to seek substantive consolidation of their cases into a single case. Without meeting the requirements for substantive consolidation, they cannot receive the benefits of doing so.

The U.S. Trustee Program is not taxpayer-funded, but relies instead on the collection of various fees, including the section 1930(a)(6) fee. The Program is a component of the Department of Justice charged with the responsibility of monitoring and performing certain other functions in bankruptcy cases, including the supervision of cases filed under chapter 11 of the Bankruptcy Code. 28 U.S.C. § 586(a) (describing various duties of the U.S. Trustee). Congress

developed the 1930(a)(6) fee so that the Program would be "self-funded by the users of the bankruptcy system – at no cost to the taxpayer." H.R. REP. No. 99-764, at 25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5238; *see also Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.),* 352 F.3d 671, 671 n.2 (2d Cir. 2003) (describing payment of fees to fund U.S. Trustee program).

A similar issue situation arose in *Genesis Health Ventures v. Stapleton*, 402 F.3d 416 (3d Cir. 2005). There, approximately 350 affiliated debtors refused to pay quarterly fees in each case after confirmation of the reorganization plan "deemed" the debtors consolidated for plan purposes. Despite the language of the plan and the fact that the debtors made all their disbursements through a centralized cash management system, the Third Circuit affirmed the district court's upholding of the bankruptcy court's determination that each debtor was obligated to pay quarterly fees under 28 U.S.C. § 1930(a)(6) because the affiliated debtors never substantively consolidated and each debtor's case remained open; and hence, each debtor was required to pay quarterly fees. As such, in this case, the Debtors' Plan cannot be confirmed unless it provides that the quarterly fees are paid based upon the calculation of the disbursement by each Debtor.

## 2. Section 1129(a)(5): Directors, Officers and Insiders

Section 1129(a)(5) requires that Debtors disclose (A) the identity and affiliations of any individual proposed to serve after confirmation of the plan as a director or officer and (B) the identity of any insider that will be employed or retained by the reorganized Debtors and the nature of any compensation for such insider. Section 8.04 of the Plan discloses that Bill D. Orand will continue as the CEO and John T. Fick will continue as the CFO, but it does not provide the amount of their compensation or benefits. Directors are not identified. The Plan also

does not state whether any other directors, officers or insiders will continue working for the Debtors.

### 3. Section 1129(a)(1): Secured Creditors' Professional Fees, Late-filed Claims, Substantive Consolidation and Post-Confirmation Committee

To obtain confirmation, a plan of reorganization must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). The Plan in Section 5.01 under Class 1 provides that HFS will receive unreimbursed professional fees and costs, including the cost of disputes regarding cash collateral, incurred by HFS as of the Effective Date of the Plan. Section 506(b) of the Bankruptcy Code, however, only allows secured creditors to receive its attorney's fees and other costs if (1) the collateral securing the debt has a greater value than the debt and (2) the fees, costs and charges are reasonable. To pay professional fees, costs and charges to HFS, Debtors must produce evidence of that these requirements are met.

The Plan in Sections 6.03 and 6.04 provides that late-filed claims are disallowed in full and expunged without any further action. Section 502(b)(9) of the Bankruptcy Code, however, states that tardily-filed claims are disallowed only if one of the exceptions stated in section 726(a)(1),(2) or (3) of the Bankruptcy Code does not apply. The Plan's summary disallowance of tardily-filed claims is not supported by the Bankruptcy Code.

The Plan in Section 5.01 under Class 5 also provides that "the aggregate liability in Class 5 will be assumed by each Debtor to the extent necessary to make the required payments to this Class." However, the Court has not been asked to determine the extent to which Debtors' estates may be consolidated pursuant to 11 U.S.C. § 302, and Debtors have not met the standard for substantive consolidation. *See In re Owens Corning*, 419 F.3d 195, 206, 211 (3d Cir. 2005) (explaining the standard and effect of substantive consolidation). Similarly, the Plan provides

that all unsecured creditors with less than a $500 claim will be paid on or before the Effective Date, regardless of whether that individual Debtor at issue has funds available to pay that claim. This will provide the benefits and burdens of substantive consolidation on the unsecured creditors of each Debtor without Debtors meeting the judicial requirements for substantive consolidation. For example, the most recent operating report of Boulevard Terrance, LLC, Docket Entry 927 at 15, reflects that it has had a net loss October, November and December of 2016; therefore, the payments to Boulevard Terrance's unsecured creditors will be subsidized by the other Debtors without the Court determining whether substantive consolidation is appropriate in this case. *See In re Auto Train Corp.,* 810 F.2d 270, 278 (D.C. Cir. 1987) (consolidation motion required reasonable notice and opportunity for hearing).

Section 8.05 provides that the Debtors, the Unsecured Creditors Committee and the U.S. Trustee will create an ad hoc committee of creditors to monitor the implementation of the Plan after the Effective Date and that the Court will appoint it if the parties cannot agree. Because the U.S. Trustee has limited authority post-confirmation and no authority post-closure, its involvement is not appropriate. For the purpose of disclosure, the members of this ad hoc committee and its specific role and duties should be disclosed.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny confirmation of the Chapter 11 Plan proposed by the Debtors until the above specified changes are made and for such other relief as the Court deems appropriate.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE, REGION 8

**/s/ Megan Seliber**
MEGAN SELIBER
Trial Attorney for the U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060; 615-736-2260 (fax)
Megan.Seliber@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2017, a copy of the foregoing document was transmitted electronically to the parties consenting to electronic service in this case through the ECF system maintained by the United States Bankruptcy Court for the Middle District of Tennessee.

   **/s/ Megan Seliber**
Megan Seliber, Trial Attorney