Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 10/26/2017

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VANGUARD HEALTHCARE, LLC, et al.,[1] | ) | Case No. 16-03296 |
| | ) | Chapter 11 |
| Six Cadillac Dr., Suite 310 | ) | Judge Mashburn |
| Brentwood, TN 37027 | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hearing: October 23, 2017 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING JOINT PLAN OF REORGANIZATION

Before the Court is the Debtors' Third Amended Joint Plan of Reorganization [Docket No. 1992], as amended by the Debtors' Fourth Amended Joint Plan of Reorganization dated October 23, 2017 (Docket No. 2090), (the "Amended Plan").[2] Notice of the Amended Plan and the confirmation hearing was provided in accordance with the Court's Order entered September 25, 2017 (Docket No. 2001) and responses/objections were filed by the U.S. Trustee (Docket No. 2057), CCP Mustang Holdings, LLP, ("CCP Mustang") (Docket No. 2060), Kirk Hebert ("Hebert") (Docket No. 2062), Healthcare Financial Solutions, LLC ("HFS") (Docket No. 2069) and jointly by the United States and the State of Tennessee (Docket No. 2061).

An evidentiary hearing on the confirmation of the Amended Plan was conducted on October 23, 2017 (the "Confirmation Hearing"). The Court considered the evidence presented

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Healthcare, LLC (9650); Vanguard Healthcare Services, LLC (7563); Vanguard Financial Services, LLC (3403); Aurora Australis, LLC (7099); Boulevard Terrace, LLC (8709); Elderscript Services, LLC (4179); Eldercare of Jackson County, LLC (7855); Glen Oaks, LLC (8238); Palace RBS, LLC (9601); Shady Lawn, LLC (7397); Vanguard of Ashland, LLC (8367); Vanguard of Church Hill, LLC (1049); Vanguard of Crestview, LLC (1046); Vanguard of Manchester, LLC (6203); Vanguard of Memphis, LLC (4623); Vanguard of Ripley, LLC (1050); Vicksburg Convalescent, LLC (7298); and Whitehall OpCo, LLC (6186).

[2] Unless otherwise defined, all capitalized terms have the meanings provided in the Amended Plan.

1/4328953.3

by the parties, the pleadings filed in this matter and the oral arguments of counsel. During the Confirmation Hearing, agreements were announced that resolved the objections by CCP Mustang, Hebert and the U.S. Trustee. At the conclusion of the Confirmation Hearing, the Court announced its ruling from the bench in support of its decision to confirm the Debtors' Amended Plan. The Court explained in detail the reasons for overruling the objection by the United States and the State of Tennessee, and all statements by the Court are hereby incorporated by reference as if set forth fully herein and constitute the Court's findings and conclusions pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter by Bankruptcy Rule 9014.

**THE COURT FINDS AS FOLLOWS:**

(a) **Chapter 11 Cases**. On May 6, 2016 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

(b) **Venue; Core Proceeding; Exclusive Jurisdiction**. Venue of the Chapter 11 Cases in this district was proper as of the Petition Date and continues to be proper before the Court pursuant to 28 U.S.C. § 1408. Confirmation of the Amended Plan is a core matter under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Amended Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

(c) **Filing of Plan and Disclosure Statement**. On November 30, 2016, the Debtors filed Debtors' Joint Plan of Reorganization and Disclosure Statement, which were subsequently amended by: (i) Debtors' First Amended Joint Plan of Reorganization dated February 14, 2017 and accompanying Amended Disclosure Statement dated February 14, 2017; (ii) Debtors' Second Amended Joint Plan of Reorganization dated August 4, 2017; (iii) Debtors' Third Amended Joint Plan of Reorganization dated September 22, 2017; and finally (iv) Debtors'

Fourth Amended Joint Plan of Reorganization dated October 23, 2017. The Amended Plan was submitted for confirmation by the following Debtors: Vanguard Healthcare, LLC; Vanguard Healthcare Services, LLC; Vanguard Financial Services, LLC; Aurora Australis, LLC; Boulevard Terrace, LLC; Elderscript Services, LLC; Eldercare of Jackson County, LLC; Glen Oaks, LLC; Palace RBS, LLC; Shady Lawn, LLC; Vanguard of Ashland, LLC; Vanguard of Church Hill, LLC; Vanguard of Manchester, LLC; Vanguard of Ripley, LLC; Vicksburg Convalescent, LLC; and Whitehall OpCo, LLC.[3]

(d) **Judicial Notice**. The Court takes judicial notice of all materials filed on the docket of these Chapter 11 Cases.

(e) **Solicitation and Notice**. As required by the order approving the Disclosure Statement [Docket No. 972] (the "Disclosure Statement Order"), and by subsequent orders relating to the Amended Plan and related documents, the Debtors have provided proper notice of the Confirmation Hearing and the Amended Plan by timely serving, posting on the BMC Group website or otherwise making available, among other things, (i) the Disclosure Statement Order, (ii) the Disclosure Statement, (iii) the Debtors' First Amended Joint Plan of Reorganization dated February 14, 2017, (iv) the Debtors' Second Amended Joint Plan of Reorganization dated August 4, 2017, (v) the Debtors' Third Amended Joint Plan of Reorganization dated September 22, 2017 and, where applicable, (vi) a ballot for accepting or rejecting the Amended Plan: (i) on all Holders of Claims that are entitled to vote on the Amended Plan; and (ii) on all Holders of Claims and Interests that are not entitled to vote on the Amended Plan in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Code. The Debtors' Fourth Amended Joint Plan of Reorganization dated October 23, 2017 was filed after the Confirmation Hearing to reflect further settlements among the parties resolving certain objections to the Amended Plan that were approved by the Court at the Confirmation Hearing.

---

[3] The Debtors Vanguard of Crestview, LLC and Vanguard of Memphis, LLC have submitted separate liquidating plans.

3

(f) **Acceptances of the Amended Plan**. As evidenced by the Declaration of Terri Marshall [Docket No. 2072] (the "Ballot Report"), Classes 1, 2, 5, and 7 voted to accept the Amended Plan with respect to all relevant Debtors. No votes were received in Classes 3, 4 and 8. Class 8 is unimpaired and is deemed to have accepted the Amended Plan.

(g) **Satisfaction of Confirmation Requirements**. Except as specified herein, no creditors or parties in interest filed objections to confirmation of the Amended Plan on the bases set forth below. Accordingly, and based on the entire record before the Court in these cases, the Amended Plan satisfies the requirements for confirmation for the Chapter 11 Case set forth in §§ 1129(a) and (b) of the Bankruptcy Code with respect to each of the applicable Debtors, as set forth below: [4]

(i) 11 U.S.C. § 1129(a)(1): The Amended Plan complies with all applicable provisions of the Bankruptcy Code, including §§ 1122 and 1123 as follows:

a. 11 U.S.C. § 1122: Each Claim or Interest placed in a particular Class under the Amended Plan is substantially similar to the other Claims or Interests in that Class. In addition, valid business, legal, and factual reasons exist for the separate classification of each of the classes of Claims and Interests created under the Amended Plan.

b. 11 U.S.C. § 1123: Article V of the Amended Plan classifies Claims and Interests into eight different Classes (except for Administrative Expense Claims and Priority Claims, which need not be classified), specifies the classes of Claims or Interests that are impaired under the Amended Plan, specifies the treatment of impaired classes of Claims and Interests, provides the same treatment for each Claim or Interest of a particular Class, and provides adequate means for the Amended Plan's implementation. 11 U.S.C. § 1123(a)(1)-(5). The evidence adduced at the Confirmation Hearing demonstrates that the Amended Plan satisfies § 1123(a)(6).

---

[4] Although the Amended Plan is a joint plan, it does not effects substantive consolidation of the assets and claims of each Debtor. Amended Plan, Section 1.02. As provided in Article III of the Amended Plan, the classes of Claims and Interests apply separately with respect to each Debtor entity.

(ii) <u>11 U.S.C. § 1129(a)(2)</u>: The Debtors have complied with all of the Bankruptcy Code's applicable provisions, including but not limited to conducting the solicitation of acceptances and rejections of the Amended Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order and subsequent orders relating to the Amended Plan.

(iii) <u>11 U.S.C. § 1129(a)(3)</u>: Considering the totality of the circumstances, the Amended Plan will fairly achieve results consistent with the Bankruptcy Code. Without limitation, the Debtors filed the Chapter 11 Cases to restructure their capital structure, sell certain facilities free and clear of claims, maintain ongoing operations at the remaining facilities, and satisfy all claims against the operating facilities in full. These goals are consistent with the purposes of the Bankruptcy Code. Accordingly, the Debtors have proposed the Amended Plan in good faith, with the legitimate and honest purpose of restructuring their respective debts and paying their respective creditors in full.

(iv) <u>11 U.S.C. § 1129(a)(4)</u>: The Amended Plan appropriately provides for all payments for services in connection with these Chapter 11 Cases to be subject to Court approval as reasonable and therefore satisfies § 1129(a)(4). The Debtors have demonstrated sufficient funds on hand to make the payments required by § 1129(a)(4).

(v) <u>11 U.S.C. § 1129(a)(5)</u>: The Debtors have disclosed the identity of any individual proposed to serve after the confirmation of the Amended Plan as a director or officer, and the identity of any insider that will be employed or retained by the Debtors and the nature of any compensation for such insider.

(vi) <u>11 U.S.C. § 1129(a)(6)</u>: The requirements of § 1129(a)(6) are not applicable to the Amended Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors.

(vii) <u>11 U.S.C. § 1129(a)(7)</u>: The requirements of § 1129(a)(7) are satisfied with respect to Claims in Classes 1 through 7 and the Interests in Class 8 because the distribution to these Classes is not less than the amount that such holder would receive or retain

5

if the Debtor were liquidated under Chapter 7. The Amended Plan provides for satisfaction of all Allowed Claims in full and therefore is in the best interests of all creditors.

(viii) 11 U.S.C. § 1129(a)(8): As further set forth in the Ballot Report, Classes 1, 2, 5, and 7 have voted to accept the Amended Plan with respect to all Debtors and Class 8 is unimpaired and is deemed to have accepted the Amended Plan. Notwithstanding the lack of an acceptance in Classes 3, 4, and 6, the Debtors seek cramdown under § 1129(b) as it relates to any Classes that did not vote in favor of the Amended Plan. *See* Ballot Report.

(ix) 11 U.S.C. § 1129(a)(9). The treatment of Administrative Expense Claims, Priority Claims and U.S. Trustee Fees under the Amended Plan satisfies the requirements of § 1129(a)(9)(A) and (B) by the payment of allowed claims and expenses on the Effective Date of the Amended Plan.

(x) 11 U.S.C. § 1129(a)(10). Classes 1, 2, 5, and 7, which are impaired and entitled to vote on the Amended Plan, have voted to accept the Amended Plan as it pertains to each Debtor. *See* Ballot Report.

(xi) 11 U.S.C. § 1129(a)(11). Based on the testimony of the Debtors' representatives at the Confirmation Hearing, the Court finds that the Amended Plan is feasible and therefore satisfies the requirements of § 1129(a)(11). Without limitation, the Debtors' financial projections (the "Projections") (submitted as an exhibit at the Confirmation Hearing) support the feasibility of the Amended Plan. The Projections show that the Debtors will have adequate cash to fund payments to creditors on the Effective Date of the Amended Plan and through the term of the Amended Plan. The payments on the Effective Date to Class 5 unsecured creditors and certain priority and administrative claims are primarily funded by the proceeds of the sale of the Shady Lawn facility and a new loan obtained by Debtor Vanguard Healthcare, LLC. The Projections also include reasonable estimates of the Debtors' excess cash flow available to make ongoing payments under the Amended Plan in future years until a refinancing can occur to pay all Allowed Claims in full. The available cash flow is devoted to all payments due and owing under the terms of the Amended Plan, including the allowed claim of

CCP Mustang Holdings LLC and the claims asserted by the United States of America and the State of Tennessee (as previously estimated for feasibility purposes). Notwithstanding these substantial unsecured claims, the Debtors project adequate cash flow to satisfy the terms of the Amended Plan. The expert report (submitted as an exhibit at the Confirmation Hearing) and testimony of Aaron M. Kneas further support the feasibility of the Amended Plan. Among other things, the expert report explains that the value of the Debtors' skilled nursing facilities will support a refinancing within the Amended Plan term that will satisfy all claims. The Debtors' projected operating cash flows and ability to refinance the secured obligations during the term of the Amended Plan evidence a reasonable assurance of the viability of the Amended Plan. Accordingly, the Amended Plan is feasible within the meaning of § 1129(a)(11).

    (xii) <u>11 U.S.C. § 1129(a)(12)</u>. The Amended Plan provides for payment in full of all fees payable under 28 U.S.C. § 1930. The Amended Plan thus satisfies the requirements of § 1129(a)(12).

    (xiii) <u>11 U.S.C. § 1129(a)(13), (a)(14), (a)(15) and (a)(16)</u>. The requirements of § 1129(a)(13) relating to retirement benefits, § 1129(a)(14) and (15) relating to individual debtors and § 1129(a)(16) relating to nonprofits or trusts are not applicable to these Debtors.

    (xiv) <u>11 U.S.C. § 1129(d)</u>. There being no objection by a governmental unit that the principal purpose of the Amended Plan is the avoidance of taxes, the requirements of § 1129(d) are satisfied.

    (i) <u>11 U.S.C. § 1129(b).</u> Classes 3, 4, and 6 did not vote in favor of the Amended Plan. Class 6 (Claims that are subordinated to the Claims of Healthcare Financial Solutions, LLC) only relates to Vanguard Healthcare, LLC and Class 3 (the Claims asserted by the United States and the State of Tennessee) only relates to the following Debtors: Vanguard Healthcare, LLC, Vanguard Healthcare Services, LLC, Vanguard Financial Services, LLC, Elderscript Services, LLC, and the following three operating Debtors, Boulevard Terrace, LLC, Glen Oaks, LLC, and Vanguard of Manchester, LLC. No creditors in Class 4 (Claims for

damages from personal injuries or wrongful death) objected to the Amended Plan.

Agreements were reached prior to or at the Confirmation Hearing to resolve the objections filed by the U.S. Trustee, CCP Mustang and Kirk Hebert. The only remaining objectin asserted by the United States and the State of Tennessee, after further amendment to the Amended Plan by the Debtors, was whether, for purposes of § 1129(b), the Amended Plan unfairly discriminates against the Claims of Class 3. Based on the evidence presented to the Court at the Confirmation Hearing, and for the reasons stated by the Court in its ruling on the record at the Confirmation Hearing, the Court finds that the Amended Plan does not discriminate unfairly with respect to Class 3 and otherwise is fair and equitable with respect to each impaired Class that is subject to cramdown. Accordingly, the Amended Plan satisfies the cramdown requirements of § 1129(b) and all objections under § 1129(b) are overruled.

(h) **Settlements, Releases, Injunction and Related Provisions**. The, releases, injunctions and related provisions set forth in Articles VI and IX of the Amended Plan are fair, reasonable and necessary to the successful effectuation of the Amended Plan.

(i) **Assumption of Executory Contracts and Unexpired Leases**. The Debtors have exercised appropriate business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases as set forth in the Amended Plan. Other than those executory contracts and unexpired leases that the Debtors have moved to reject prior to the Effective Date of the Plan, the Debtors will be deemed to have assumed as of the Effective Date of the Plan all executory contracts and unexpired leases pursuant to Article VII of the Amended Plan. Without limitation, the assumed executory contracts include the Debtors' Medicare and Medicaid provider agreements. Assumption of the Debtors' insurance policies with BHC-LTC Insurance Ltd. is a critical component of the Amended Plan. This insurance will be used to satisfy covered Personal Injury Claims in Class 4 of the Amended Plan. Maintaining the benefits of the Debtors' Therapy Services Agreements with Evergreen Rehabilitation LLC is

8

another important aspect of the Amended Plan. These contracts are for ongoing operations at the facilities. Evergreen provides, inter alia, licensed/certified physical therapists, occupational therapists and speech-language pathologists and other therapy for skilled nursing facility residents or home health agency patients. Assumption on the Effective Date of the Plan of executory contracts and unexpired leases as set forth in Article VII of the Amended Plan is accordingly approved pursuant to §§ 105, 365, and 363 of the Bankruptcy Code.

(j) **Assumption of Facility Leases, as Amended**. The Debtors filed motions to assume and approve amended leases of the Debtors' skilled nursing Facilities [Docket Nos. 670 & 1995] (the "Lease Motions"). The Debtors have exercised reasonable business judgment with respect to the negotiation, execution and assumption of all Facility leases, as amended. Without limitation, all Facility leases that have not been rejected or otherwise terminated, including those identified in the Lease Motions, are necessary for the Debtors' ongoing operations and successful reorganization for the benefit of all parties in interest. The Court will approve the Debtors' assumption of the Facility Leases, as amended, pursuant to the Lease Motions by separate Order, with such assumptions effective as of the Effective Date of the Plan.

(k) **Immaterial Modifications**. The modifications of the Debtors' Third Amended Joint Plan of Reorganization provided by the Debtors prior to the confirmation hearing and the modifications set forth in the Debtors' Fourth Amended Joint Plan of Reorganization dated October 23, 2017 are permissible under Section 10.03 of the Amended Plan and § 1127 of the Bankruptcy Code because they do not materially or adversely affect the interests of any creditors.

(l) **Factual Findings**. All facts necessary to support confirmation of the Amended Plan have been demonstrated on the record of the Confirmation Hearing, the evidence

9

presented and the submissions made in support of confirmation, and on the record of these Chapter 11 Cases.

(m) **Burden of Proof**. The Debtors have the burden of proving the elements under §§ 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, and the Debtors have met that burden as stated by the Court on the record at the Confirmation Hearing and as further found and determined herein.

(n) **Solicitation and Notice**. The notice given of the Confirmation Hearing was adequate and sufficient. No further notice need be given.

(o) **Good Faith Solicitation**. Votes for acceptance and rejection of the Amended Plan were solicited in good faith and in compliance with the Bankruptcy Code (including §§ 1126 and 1129 of the Bankruptcy Code), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Disclosure Statement Order, and all other applicable orders, statutes, rules, laws, and regulations. Based on the record in the Chapter 11 Cases, the Debtors have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, within the meaning of § 1125(e) of the Bankruptcy Code, are entitled to the protections thereof, and are entitled to the protections contained in the Amended Plan, which protections are reasonable and appropriate under the circumstances.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED:**

1. **Confirmation**. The Amended Plan is confirmed as set forth in this Confirmation Order.

2. **Approval of Plan Transactions**. All transactions contemplated under the Amended Plan are approved.

3. **Enforcement**. Each term and provision of the Amended Plan, including all modifications set forth in this Confirmation Order, is valid and enforceable pursuant to its terms. All parties are directed to comply with the terms of the Amended Plan.

4. **Implementation of the Plan**. The Debtors are authorized to execute and deliver any and all documents and instruments, including, without limitation, the Restructured HFS Loan Documents, and take any and all actions necessary or desirable to implement the Amended Plan and this Confirmation Order and to effect any other transactions contemplated hereby or thereby. The Amended Plan shall be implemented pursuant to Article VIII thereof.

5. **Treatment of Executory Contracts/Unexpired Leases**. As provided in Article VII of the Amended Plan, unless otherwise subject to a motion to reject filed prior to the Effective Date of the Amended Plan or court order rejecting a contract or lease which has been entered prior to the Effective Date of the Amended Plan, each Debtor assumes all existing executory contracts and/or unexpired leases executed by that Debtor prior to the Petition Date, which assumption shall be effective as of the Effective Date of the Amended Plan.

6. **HFS Secured Claims.** During the Chapter 11 Cases, the Court entered an Order [Docket No. 168] that, among other things, adjudicated that the HFS Loan Obligations are valid and enforceable, and that HFS's liens and security interests in collateral owned by the Debtors under the Revolving Loan Documents and the Term Loan Documents are valid, enforceable and perfected. It is hereby confirmed that, as security for the Restructured HFS Loan, Restructured Loan Agent, on behalf of Restructured Loan Lender, shall retain and be granted continuing first position senior liens and security interests on, and pledges of, all of the collateral securing the existing Term Loan and/or the existing Revolving Loan (and guaranties thereof) as of the Effective Date of the Plan, including, but not limited to, first position senior liens and security interests on all of the Facilities and all personal property of each Restructured Loan Borrower.

7. **Restructured HFS Loan Documents**. As set forth in the Amended Plan, once finalized and executed as of the Effective Date of the Plan, the Restructured HFS Loan Documents shall constitute legal, valid, binding, and authorized obligations of the respective

11

parties thereto, enforceable in accordance with their terms, and all liens and security interests granted therein to Restructured Loan Agent, for the benefit of Restructured Loan Lender, shall constitute valid, enforceable and perfected liens and security interests. All existing subordination agreements between HFS and holders of Class 6 Claims shall remain in full force and effect (except only to the extent expressly provided in the treatment of Class 6 Claims under the Amended Plan), and, without limiting the foregoing, applicable with respect to the Restructured HFS Loan. All of the existing guaranties of the Revolving Loan and/or the Term Loan shall continue in effect as to the Restructured HFS Loan, and shall include, without limitation, an unconditional and unlimited guaranty of payment and performance of the Restructured HFS Loan by reorganized Vanguard Healthcare, LLC, and limited guaranties of the Restructured HFS Loan by Bill Orand and Jere Ervin (with the same dollar amount limitations as their existing guaranties).

8. **Binding Effect and Validity**. Except as otherwise expressly provided in the Amended Plan or this Confirmation Order, on and after the Effective Date of the Plan, the Amended Plan shall bind all holders of Claims and Interests, whether or not such holders voted to accept or reject the Amended Plan. Except as provided under the terms of the Amended Plan, upon the Effective Date of the Plan, every holder of a Claim or Interest is hereby precluded and permanently enjoined from asserting against the Debtors any Claim based on any document, instrument, judgment, award, order, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date of the Plan.

9. **Retention of Jurisdiction**. Pursuant to Bankruptcy Code §§ 105 and 1142, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Amended Plan to the fullest extent permitted by law, including, among other things, matters listed in Section 10.05 in the Amended Plan.

10. **Final Order**. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

/s/ *William L. Norton III*
William L. Norton III (TN 10075)
James B. Bailey (*pro hac vice*)
BRADLEY
1600 Division St, Suite 700
Nashville, Tennessee 37203
Tel: (615) 252-2397
Fax: (615) 252-6397
bnorton@bradley.com

*Counsel for the Debtors*

13

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-03296    Doc 2094    Filed 10/27/17    Entered 10/27/17 11:02:39    Desc Main Document    Page 13 of 13