# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| VANGUARD HEALTHCARE, LLC, *et al.*,[1] ) | Case No. 16-03296 |
| ) | Chapter 11 |
| Six Cadillac Dr., Suite 310 ) | Judge Mashburn |
| Brentwood, TN 37027 ) | Jointly Administered |
| ) | |
| Debtor. ) | Hearing: December 19, 2017 |

## ORDER CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION OF VANGUARD OF CRESTVIEW, LLC

Before the Court is the Second Amended Plan of Liquidation of Vanguard of Crestview, LLC ("Debtor") (Docket No. 2218) (the "Liquidating Plan").[2] Notice of the Liquidating Plan and the confirmation hearing was provided in accordance with the Court's Order entered November 7, 2017 (Docket No. 2123). No objections were filed with respect to the Liquidating Plan.

An evidentiary hearing on the confirmation of the Liquidating Plan was conducted on December 19, 2017 (the "Confirmation Hearing"). The Court considered the evidence presented by the parties, the pleadings filed in this matter and the oral arguments of counsel. At the conclusion of the Confirmation Hearing, the Court announced its ruling from the bench in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Healthcare, LLC (9650); Vanguard Healthcare Services, LLC (7563); Vanguard Financial Services, LLC (3403); Aurora Australis, LLC (7099); Boulevard Terrace, LLC (8709); Elderscript Services, LLC (4179); Eldercare of Jackson County, LLC (7855); Glen Oaks, LLC (8238); Palace RBS, LLC (9601); Shady Lawn, LLC (7397); Vanguard of Ashland, LLC (8367); Vanguard of Church Hill, LLC (1049); Vanguard of Crestview, LLC (1046); Vanguard of Manchester, LLC (6203); Vanguard of Memphis, LLC (4623); Vanguard of Ripley, LLC (1050); Vicksburg Convalescent, LLC (7298); and Whitehall OpCo, LLC (6186).

[2] Unless otherwise defined, all capitalized terms have the meanings provided in the Liquidating Plan.

support of its decision to confirm the Liquidating Plan. All statements by the Court are hereby incorporated by reference as if set forth fully herein and constitute the Court's findings and conclusions pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter by Bankruptcy Rule 9014.

**THE COURT FINDS AS FOLLOWS:**

(a) **Chapter 11 Case**. On May 6, 2016 (the "Date of Filing"), the Debtor commenced Case No. 16-03316 by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Case is jointly administered with the Debtors in the above-captioned Chapter 11 case.

(b) **Venue; Core Proceeding; Exclusive Jurisdiction**. Venue of the Case in this district was proper as of the Date of Filing and continues to be proper before the Court pursuant to 28 U.S.C. § 1408. Confirmation of the Liquidating Plan is a core matter under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Liquidating Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

(c) **Filing of Plan and Disclosure Statement**. On September 26, 2017, the Debtor filed the Plan of Liquidation of Vanguard of Crestview, LLC along with an accompanying Disclosure Statement, which were subsequently amended by the First Amended Plan of Liquidation of Vanguard of Crestview, LLC and accompanying Amended Disclosure Statement dated November 6, 2017. The Second Amended Plan of Liquidation of Vanguard of Crestview, LLC has been filed at Docket No. 2218.

(d) **Judicial Notice**. The Court takes judicial notice of all materials filed on the docket of the jointly administered Chapter 11 cases.

(e) **Solicitation and Notice**. As required by the order approving the Amended Disclosure Statement [Docket No. 2123] (the "Disclosure Statement Order"), the Debtor has provided proper notice of the Confirmation Hearing and the Liquidating Plan by

timely serving, posting on the BMC Group website or otherwise making available, among other things, (i) the Disclosure Statement Order, (ii) the Disclosure Statement, (iii) the First Amended Plan of Liquidation of Vanguard of Crestview, LLC dated November 6, 2017 and, where applicable, (iv) a ballot for accepting or rejecting the Liquidating Plan: (i) on all Holders of Claims that are entitled to vote on the Liquidating Plan; and (ii) on all Holders of Claims and Interests that are not entitled to vote on the Liquidating Plan in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Code. The Second Amended Plan of Liquidation of Vanguard of Crestview, LLC was filed as an exhibit to the Debtor's brief in support of confirmation.

(f) **Acceptances of the Liquidating Plan**. As evidenced by the Declaration of Terri Marshall [Docket No. 2201] (the "Ballot Report"), Class 4 voted to accept the Liquidating Plan. No votes were received in Classes 1, 2, 3 and 5.

(g) **Satisfaction of Confirmation Requirements**. No creditors or parties in interest filed objections to confirmation of the Liquidating Plan on the bases set forth below. Accordingly, and based on the entire record before the Court in these cases, the Liquidating Plan satisfies the requirements for confirmation set forth in §§ 1129(a) and (b) of the Bankruptcy Code with respect to the Debtor, as set forth below:

(i) 11 U.S.C. § 1129(a)(1): The Liquidating Plan complies with all applicable provisions of the Bankruptcy Code, including §§ 1122 and 1123 as follows:

a. 11 U.S.C. § 1122: Each Claim or Interest placed in a particular Class under the Liquidating Plan is substantially similar to the other Claims or Interests in that Class. In addition, valid business, legal, and factual reasons exist for the separate classification of each of the classes of Claims and Interests created under the Liquidating Plan.

b. 11 U.S.C. § 1123: Article V of the Liquidating Plan classifies Claims and Interests into five different Classes (except for Administrative Expense Claims and Priority Claims, which need not be classified), specifies the classes of Claims or Interests that are impaired under the Liquidating Plan, specifies the treatment of impaired classes

3

of Claims and Interests, provides the same treatment for each Claim or Interest of a particular Class, and provides adequate means for the Liquidating Plan's implementation. 11 U.S.C. § 1123(a)(1)-(5). The evidence adduced at the Confirmation Hearing demonstrates that the Liquidating Plan satisfies § 1123(a)(6).

(ii) <u>11 U.S.C. § 1129(a)(2)</u>: The Debtor has complied with all of the Bankruptcy Code's applicable provisions, including but not limited to conducting the solicitation of acceptances and rejections of the Liquidating Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order and subsequent orders relating to the Liquidating Plan.

(iii) <u>11 U.S.C. § 1129(a)(3)</u>: Considering the totality of the circumstances, the Liquidating Plan will fairly achieve results consistent with the Bankruptcy Code. Without limitation, the Debtor has proposed the Liquidating Plan in good faith, with the legitimate and honest purpose of liquidating its assets and paying Claims in the manner and priorities set forth in the Bankruptcy Code.

(iv) <u>11 U.S.C. § 1129(a)(4)</u>: The Liquidating Plan appropriately provides for all payments for services in connection with the Case to be subject to Court approval as reasonable and therefore satisfies § 1129(a)(4). The Debtor has demonstrated sufficient funds on hand to make the payments required by § 1129(a)(4).

(v) <u>11 U.S.C. § 1129(a)(5)</u>: The Debtor has disclosed the identity of any individual proposed to serve after the confirmation of the Liquidating Plan as a director or officer, and the identity of any insider that will be employed or retained by the Debtor and the nature of any compensation for such insider.

(vi) <u>11 U.S.C. § 1129(a)(6)</u>: The requirements of § 1129(a)(6) are not applicable to the Liquidating Plan because the Debtor is not subject to any regulatory commission with jurisdiction over the rates of the Debtors.

(vii) <u>11 U.S.C. § 1129(a)(7)</u>: The requirements of § 1129(a)(7) are satisfied with respect to Claims in Classes 1 through 4 and the Interests in Class 5 because the

4

distribution to these Classes is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7.

    (viii) <u>11 U.S.C. § 1129(a)(8)</u>: As further set forth in the Ballot Report, Class 4, which is impaired and entitled to vote on the Liquidating Plan, has voted to accept the Liquidating Plan. Notwithstanding the lack of an acceptance in Classes 1, 2, and 3, the Debtor seeks cramdown under § 1129(b) as it relates to any Classes that did not vote in favor of the Liquidating Plan. *See* Ballot Report.

    (ix) <u>11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Expense Claims, Priority Claims and U.S. Trustee Fees under the Liquidating Plan satisfies the requirements of § 1129(a)(9)(A) and (B) by the payment of allowed claims and expenses on the Effective Date of the Liquidating Plan.

    (x) <u>11 U.S.C. § 1129(a)(10)</u>. Class 4, which is impaired and entitled to vote on the Liquidating Plan, has voted to accept the Liquidating Plan. *See* Ballot Report.

    (xi) <u>11 U.S.C. § 1129(a)(11)</u>. The Liquidating Plan is premised upon the previously approved and closed sale of the Crestview facility and the distribution of the proceeds in a manner consistent with the Bankruptcy Code. In these circumstances the Liquidating Plan complies with § 1129(a)(11).

    (xii) <u>11 U.S.C. § 1129(a)(12)</u>. The Liquidating Plan provides for payment in full of all fees payable under 28 U.S.C. § 1930. The Liquidating Plan thus satisfies the requirements of § 1129(a)(12).

    (xiii) <u>11 U.S.C. § 1129(a)(13), (a)(14), (a)(15) and (a)(16)</u>. The requirements of § 1129(a)(13) relating to retirement benefits, § 1129(a)(14) and (15) relating to individual debtors and § 1129(a)(16) relating to nonprofits or trusts are not applicable to the Debtor.

    (xiv) <u>11 U.S.C. § 1129(b).</u> Classes 1, 2, and 3 did not vote in favor of the Liquidating Plan. Based on the evidence presented to the Court at the Confirmation Hearing, and for the reasons stated by the Court in its ruling on the record at the Confirmation Hearing,

5

the Court finds that the Liquidating Plan does not discriminate unfairly with respect to any Class and is fair and equitable with respect to each impaired Class that is subject to cramdown. Accordingly, the Liquidating Plan satisfies the cramdown requirements of § 1129(b).

(xv) <u>11 U.S.C. § 1129(d)</u>. There being no objection by a governmental unit that the principal purpose of the Liquidating Plan is the avoidance of taxes, the requirements of § 1129(d) are satisfied.

(h) **Releases, Injunction and Related Provisions**. The releases, injunctions and related provisions set forth in Article IX of the Liquidating Plan are fair, reasonable and necessary to the successful implementation of the Liquidating Plan.

(i) **Immaterial Modifications**. The modifications of the First Amended Plan of Liquidation of Vanguard of Crestview, LLC set forth in the Liquidating Plan are permissible under Section 10.04 of the First Amended Plan of Liquidation of Vanguard of Crestview, LLC and § 1127 of the Bankruptcy Code because they do not materially or adversely affect the interests of any creditors.

(j) **Factual Findings**. All facts necessary to support confirmation of the Liquidating Plan have been demonstrated on the record of the Confirmation Hearing, the evidence presented and the submissions made in support of confirmation, and on the record of these Chapter 11 Cases.

(k) **Burden of Proof**. The Debtor has the burden of proving the elements under §§ 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, and the Debtor has met its burden as stated by the Court on the record at the Confirmation Hearing and as further found and determined herein.

(l) **Solicitation and Notice**. The notice given of the Confirmation Hearing was adequate and sufficient. No further notice need be given.

(m) **Good Faith Solicitation**. Votes for acceptance and rejection of the Liquidating Plan were solicited in good faith and in compliance with the Bankruptcy Code (including §§ 1126 and 1129 of the Bankruptcy Code), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Disclosure Statement Order, and all other applicable orders, statutes, rules, laws, and regulations. Based on the record in these Chapter 11 cases, the Debtor has acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, within the meaning of § 1125(e), are entitled to the protections thereof, and are entitled to the protections contained in the Liquidating Plan, which protections are reasonable and appropriate under the circumstances.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED:**

1. **Confirmation**. The Liquidating Plan is confirmed as set forth in this Confirmation Order.

2. **Approval of Plan Transactions**. All transactions contemplated under the Liquidating Plan are approved.

3. **Enforcement**. Each term and provision of the Liquidating Plan is valid and enforceable pursuant to its terms. All parties are directed to comply with the terms of the Liquidating Plan.

4. **Implementation of the Liquidating Plan**. The Debtor is authorized to execute and deliver any and all documents and instruments, and take any and all actions necessary or desirable to implement the Liquidating Plan and this Confirmation Order and to effect any other transactions contemplated hereby or thereby. The Liquidating Plan shall be implemented pursuant to its terms, including without limitation Article VIII of the Liquidating Plan.

5. **Treatment of Executory Contracts/Unexpired Leases**. As provided in Article VII of the Liquidating Plan, unless otherwise subject to a motion to assume filed prior to the

7

Effective Date of the Liquidating Plan or court order assuming a contract or lease which has been entered prior to the Effective Date of the Liquidating Plan, all existing executory contracts and/or unexpired leases executed by the Debtor shall be deemed rejected as of the date of the Closing of the Sale of Debtor's assets.

6. **Appointment of Liquidating Committee.** Pursuant Section 8.03 of the Liquidating Plan, the Debtor, the Committee and the U.S. Trustee have agreed that Medline Industries, Inc. and Healthcare Services Group shall be the first members of the Liquidating Committee under the Liquidating Plan.

7. **Binding Effect and Validity**. Except as otherwise expressly provided in the Liquidating Plan or this Confirmation Order, on and after the Effective Date of the Plan, the Liquidating Plan shall bind all holders of Claims and Interests, whether or not such holders voted to accept or reject the Liquidating Plan.

8. **Retention of Jurisdiction**. Pursuant to Bankruptcy Code §§ 105 and 1142, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Liquidating Plan to the fullest extent permitted by law, including, among other things, matters listed in Section 10.06 in the Liquidating Plan.

9. **Final Order**. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

/s/ *William L. Norton III*
William L. Norton III  (TN 10075)
James B. Bailey (*pro hac vice*)
BRADLEY
1600 Division St, Suite 700
Nashville, Tennessee 37203
Tel: (615) 252-2397
Fax: (615) 252-6397

bnorton@bradley.com
*Counsel for the Debtors*

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.