Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 12/20/2017



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Vanguard Healthcare, LLC, *et al.*[1] | ) | Case No. 16-03296 |
| | ) | Chapter 11 |
| Six Cadillac Dr., Suite 310 | ) | Judge Mashburn |
| Brentwood, TN 37027 | ) | |
| Debtors. | ) | Jointly Administered |

### AGREED ORDER AUTHORIZING (I) SALE OF ASSETS, (II) POST-PETITION GUARANTY, AND (III) REVISED LEASE

This matter is before the Court on the motion (the "Motion") [Docket No. 2063][2] filed by Vanguard Healthcare, LLC ("Vanguard") and Shady Lawn, LLC ("Shady Lawn") (collectively the "Debtors") for entry of an order approving (i) the sale (the "Sale") of certain real property and all improvements thereon (the "Property") of Vicksburg PropCo, LLC ("Seller"), a non-debtor subsidiary of Vanguard to Shady Lawn Limited Liability Partnership, a Japanese limited liability partnership ("Buyer"), (ii) the contribution by Shady Lawn of all or substantially all of the assets (including all applicable licenses, certificates of need and other regulatory approvals) applicable to the operation of the healthcare facility at the Property (collectively, the "Operating Assets") to a newly formed wholly-owned subsidiary of Shady Lawn (currently contemplated to be named "Porters Chapel LLC", and hereinafter referred to as "Opco", which entity shall not be a Debtor),

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Healthcare, LLC (9650); Vanguard Healthcare Services, LLC (7563); Vanguard Financial Services, LLC (3403); Aurora Australis, LLC (7099); Boulevard Terrace, LLC (8709); Elderscript Services, LLC (4179); Eldercare of Jackson County, LLC (7855); Glen Oaks, LLC (8238); Palace RBS, LLC (9601); Shady Lawn, LLC (7397); Vanguard of Ashland, LLC (8367); Vanguard of Church Hill, LLC (1049); Vanguard of Crestview, LLC (1046); Vanguard of Manchester, LLC (6203); Vanguard of Memphis, LLC (4623); Vanguard of Ripley, LLC (1050); Vicksburg Convalescent, LLC (7298); and Whitehall OpCo, LLC (6186).

[2] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Motion.

1

QB\49572371.2

which Operating Assets shall not be subject to any liens or security interests other than those securing the Loan (as defined hereinafter) to be permitted to remain on the assets, (iii) the incurrence of liability by Opco for a loan in the principal amount of up to $3,750,000, plus any accruing interest, fees, expenses and advances to protect or preserve collateral (the "Loan") to be arranged by Strong Refuge Asset Management, LLC ("Strong Refuge"), as administrative agent ("Agent") for Strong Refuge together with any other lenders participating in the Loan from time to time (collectively, "Lender"), which Loan is currently contemplated to be made to Opco and Buyer, as co-borrowers with joint and several liability (but, alternatively, may be made to Buyer, with Opco as a guarantor), (iv) in order to secure the Loan, the grant of first priority liens consisting of a pledge by Shady Lawn of all of the equity interests issued by Opco (the "Opco Equity Interests," and collectively with the Operating Assets, the "Opco Collateral") and a security interest by Opco in all or substantially all of the Operating Assets, (v) the issuance of an unsecured subordinated guaranty of the Loan by Vanguard (the "Guaranty"), which Guaranty shall be fully subordinated to the obligations of Vanguard to HFS (as defined below) pursuant to a subordination agreement acceptable to both HFS and Agent, in their respective sole discretion, and (vi) a revised lease between Opco and Buyer (the "Lease" and collectively with the Sale, Guaranty, and Loan, including the liens granted with respect thereto, the "Transactions"). The Operating Assets and the other Opco Collateral shall not include any cash held by Shady Lawn or any accounts generated by services performed by or for Shady Lawn prior to the closing of the Transactions. Subject to the terms and conditions of this Order, upon the closing of the Transactions, the Opco Collateral shall not be subject to any liens or security interests other than those securing the Loan.

An *Agreed Order Authorizing (i) Sale of Assets,, (ii) Post-Petition Guaranty, and (iii) Revised Lease* was entered June 14, 2017 (Docket No. 1663), but after a change in the lender, the

Debtors thereafter filed the Motion for approval. It appearing that there were no objections to the Motion at the expedited hearing held on October 23, 2017 and it further appearing that there is an agreement by the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), Healthcare Financial Solutions, LLC ("HFS"), and Agent, and after consideration of the Motion, the relief requested therein, and the responses thereto, if any; and this being a core proceeding in accordance with 28 U.S.C. § 157(b); and in consideration of the facts set forth in the Motion and all other pleadings and proceedings in this case; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, the Chapter 11 estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

I. FINDINGS OF FACT:

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

**Jurisdiction, Final Order, Statutory Predicates**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over this matter and over the property of the Debtors, including the interest of the Debtor Vanguard in the property of Seller to be sold, transferred or conveyed pursuant to the Motion, and the Chapter 11 estates pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Motion and the basis for the

---

[3] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. See FED. R. BANKR. P. 7052.

approvals and authorizations herein are (i) sections 105(a) and 363 of the Bankruptcy Code and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

D. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

### Retention of Jurisdiction

E. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Motion and to adjudicate, if necessary, any and all disputes relating in any way to the transactions provided for under the terms and conditions of the Motion and this Order.

### Time Is of the Essence

F. Time is of the essence in consummating the Transactions. In order to maximize the value of the Property, it is essential that the Sale of the Property and other Transactions occur within the time constraints set forth in the Motion and this Order.

### Notice of the Motion

G. As evidenced by the affidavits of service filed with the Court, proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with sections 102(1), 363(b) and 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014, the local rules of this Court, and the procedural due process requirements of the United States Constitution.

H. Actual written notice of the Motion, and a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

### Compelling Circumstances for Immediate Sale and Consummation of Transactions

I. The Seller and the Debtors have demonstrated a sufficient basis and the existence

of exigent circumstances requiring them to complete the Sale of the Property and the Transactions set forth in the Motion.

### Good Faith

J.  Opco and Buyer are purchasers in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code. The sales process was conducted in good faith within the meaning of section 363(m) of the Bankruptcy Code. Neither the Seller, the Debtors, Opco, nor Buyer have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Motion or to the consummation of the Sale and transfer of the Property to Opco and Buyer and the other Transactions set forth in the Motion. Opco and Buyer are entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code. Opco and Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Transactions pursuant to the terms and conditions of the Motion and this Order at any time after the entry of this Order, including immediately after its entry.

### No Collusion

K.  Opco and Buyer have not violated section 363(n) of the Bankruptcy Code by any action or inaction. The Transactions under the Motion may not be avoided, and no damages may be assessed against Opco or Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

### Highest and Best Offer

L.  The Seller and Debtors have determined that the offer submitted by Opco and Buyer is the highest and best offer for the Property.

5

### No Fraudulent Transfer

M.  The total consideration provided by Opco and Buyer for the Property is the highest and best offer received by the Seller and the Debtors, and the purchase price constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act; (ii) fair consideration under the Uniform Fraudulent Conveyance Act; and (iii) under any other applicable laws of the United States, any state, territory or possession or the District of Columbia, reasonably equivalent value, fair consideration and fair value for the Property.

### Validity of Transfer

N.  Prior to the Transactions contemplated under the Motion, the Property was property of the Seller, a subsidiary of the Chapter 11 Debtor Vanguard.

O.  The terms and conditions of the Motion, including the consideration to be realized by the Seller and the Debtors, are fair and reasonable, and the Transactions contemplated by the Motion are in the best interests of the chapter 11 estates.

### Section 363(f) of the Bankruptcy Code is Satisfied

P.  Subject to the indefeasible payment in cash at closing in the amount of $3,500,000 (the "HFS Payment") to HFS, the holder of a senior lien on the Property, and to the other conditions stated in Paragraph 3 of this Order, the Property shall be sold free and clear of all of the following (collectively, the "Encumbrances"): mortgages, security interests, conditional sales or other retention agreements, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, guaranties, debts, obligations, rights, contractual commitments, interests, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, other encumbrances, liens and restrictions of any kind or nature whether imposed by agreement, understanding, law,

6

QB\49572371.2
Case 3:16-bk-03296   Doc 2225   Filed 12/21/17   Entered 12/21/17 08:15:57   Desc Main Document   Page 6 of 16

equity, or otherwise, including, without limitation (i) encumbrances that purport to give any party a right or option to effect any forfeiture, modification or termination of any interest of the Seller and the Debtors or of Opco and Buyer in the Property or (ii) in respect of taxes, in each case accruing, arising or relating to a period prior to the closing.

Q.  Subject to HFS's receipt of the HFS Payment at closing and to the other conditions stated in Paragraph 3 of this Order, the Opco Collateral pledged or otherwise transferred by Shady Lawn or Vanguard to Opco shall be free and clear of any and all Encumbrances.

R.  The transfer of the Property to Opco and Buyer will be a legal, valid and effective transfer of the Property, and, except as may otherwise be provided in this Order, shall vest Opco and Buyer with all right, title and interest of the Seller and the Debtors to the Property free and clear of any and all Encumbrances. Except as specifically provided in this Order, Opco and Buyer shall not assume or become liable for any Encumbrances relating to the Property being sold by the Seller and the Debtors.

S.  The pledge or transfer of the Opco Collateral to Opco will be a legal, valid and effective transfer of the Opco Collateral, and, except as may otherwise be provided in this Order, shall vest Opco with all right, title and interest to the Opco Collateral free and clear of any and all Encumbrances.

T.  Except as may otherwise be provided in this Order, the transfer of the Property to Opco and Buyer, and the pledge or transfer of the Opco Collateral to Opco, free and clear of all Encumbrances will not result in any undue burden or prejudice to any holders of any Encumbrances. Subject in all respects to HFS's receipt of the HFS Payment at closing, all persons having Encumbrances of any kind or nature whatsoever against the Property or the Opco Collateral shall be forever barred, estopped and permanently enjoined from pursuing or asserting such

Encumbrances against Buyer or Opco, any of its assets, property, successors or assigns, or the Property.

U. Except as may otherwise be provided in this Order and subject to HFS's receipt of the HFS Payment at closing, the Seller and the Debtors may sell the Property free and clear of all Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Encumbrances and (ii) non-Debtor parties, who did not object, or who withdrew their objections, to the sale of the Property are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of other Encumbrances fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Encumbrances, if any, attach to the proceeds of the sale of the Property with such Encumbrances being subject to treatment as prescribed by separate order of this Court.

V. Debtors Shady Lawn and Vanguard are authorized to incur credit by issuing the Loan and Guaranty in accordance with 11 USC § 364.

W. To the extent the relief sought in the Motion seeks authority for Shady Lawn to pledge the Opco Equity Interests as security for the Loan, and for Opco to pledge the Operating Assets as security for the Loan, and for Opco to enter into the Lease for the Property in accordance with 11 USC § 363, the Court finds that the Debtors have demonstrated a sufficient basis and the existence of exigent circumstances requiring them to complete the Transactions set forth in the Motion, that the Debtors are receiving fair value in exchange for the Transactions and that the Transactions are in the best interest of all creditors and the estates.

II. CONCLUSIONS OF LAW:

    NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS

8

QB\49572371.2
Case 3:16-bk-03296    Doc 2225    Filed 12/21/17    Entered 12/21/17 08:15:57    Desc
Main Document    Page 8 of 16

HEREBY ORDERED, ADJUDGED AND DECREED THAT:[5]

1. The relief requested in the Motion is granted in its entirety, subject to the terms and conditions contained herein.

2. Notice of the Motion was fair and adequate under the circumstances.

**Approval of Sale**

3. The Sale of the Property, the terms and conditions of the Motion and the Transactions described in the Motion, are authorized and approved in all respects, provided, the sale of the Property, the transfer of the Operating Assets to Opco, and approval of the Lease, Guaranty and other Transactions are conditioned upon each of the following: (i) Court approval of the Debtors' Fourth Amended Joint Plan of Reorganization (Docket No. 2090) (the "Joint Plan"), (ii) the payment in cash at closing of the Transactions to Seller and/or the Debtors at least in the full amount of the Purchase Price (*i.e.*, $7,500,000), (iii) the indefeasible payment in cash at closing of the Transactions to HFS in the full amount of the HFS Payment (*i.e.*, $3,500,000), and (ii) the execution and delivery of definitive legal documentation with respect to the Transactions acceptable to Shady Lawn, Vanguard, Agent, and HFS, including, without limitation, a subordination agreement acceptable to both HFS and the Agent with respect to the Guaranty; further provided that, absent written consent of the Committee, the sale of the Property must close in connection with the funding of the obligations owed on the Effective Date of the Joint Plan.

4. The Sale of the Property and the consideration provided by Opco and Buyer under the Motion is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

---

[5] To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. See FED. R. BANKR. P. 7052.

9

5. Opco and Buyer are hereby granted and are entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

6. The Seller and the Debtors are hereby authorized to convey the Property to Opco and Buyer and to enter into a form of purchase and sale agreement transferring the Property together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of this Order and Sale of the Property contemplated thereby including, without limitation, deeds, assignments and other instruments of transfer, and to take all further actions as may reasonably be requested by Opco and Buyer to cause the transfer of the Property.

7. Effective as of the closing and subject to HFS's receipt of the HFS Payment at closing and satisfaction of the other conditions stated in Paragraph 3 of this Order, (a) the Sale of the Property by the Seller and the Debtors to Opco and Buyer shall constitute a legal, valid and effective transfer of the Property notwithstanding any requirement for approval or consent by any person and shall vest Opco and Buyer with all right, title and interest of the Seller and the Debtors in and to the Property, free and clear of all claims, liens, interests and Encumbrances of any kind, pursuant to section 363(f) of the Bankruptcy Code.

8. Effective as of the closing and subject to HFS's receipt of the HFS Payment at closing and satisfaction of the other conditions stated in Paragraph 3 of this Order, the pledge or transfer of the Opco Collateral to Opco shall constitute a legal, valid and effective pledge or transfer of the Opco Collateral notwithstanding any requirement for approval or consent by any person and shall vest Opco with all right, title and interest of in and to the Opco Collateral, free and clear of all claims, liens, interests and Encumbrances of any kind

9. The Sale of the Property is not subject to avoidance, and no damages may be

assessed against Opco or Buyer or any other party, pursuant to section 363(n) of the Bankruptcy Code.

### Approval of Guaranty of Loan and Pledge of Assets and Equity Interests

10. The Debtors and Opco are authorized to enter into the Loan (and to grant the security contemplated with respect thereto) and Guaranty, pursuant to the terms and conditions set forth in the Term Sheet attached to the Motion and the provisions of this Order.

11. Upon the closing of the Sale in accordance with the terms of this Order and pursuant to section 364(b) of the Bankruptcy Code, the Debtors and Opco are authorized to enter into the Loan and Guaranty and Shady Lawn is authorized to pledge all of the Opco Equity Interests, and Opco is authorized to pledge all or substantially all of the Operating Assets, in each case as a first priority lien to secure the Loan on the financial terms substantially similar to those set forth in the Term Sheet attached to the Motion, provided the closing of the Loan will occur only in connection with the effective date of the Joint Plan and the Loan will be subject to all of the conditions and restrictions set forth in Paragraph 3 of this Order.

12. The Debtors and Opco are authorized to enter into, in connection with the Loan and Guaranty, any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of this Order and the Loan and Guaranty contemplated hereby and to take all further actions as may reasonably be requested by Agent or Lender to effectuate the Loan and Guaranty.

13. The Debtors, Opco, Agent and Lender have engaged in arm's length, good faith negotiations regarding the terms of the Loan and Guaranty and the pledge of the Opco Equity Interests and the Operating Assets, and accordingly, Lender is extending credit to the Debtors and Opco in good faith and is entitled to the benefits of § 364(e) of the Bankruptcy Code.

## Approval of Lease

14. Upon the closing of the Sale and pursuant to section 363(b) of the Bankruptcy Code, Opco is authorized to enter into the Lease with Buyer in substantially the form attached to the Motion.

## Conditions to Closing of Transactions

15. The Sale of the Property and approval of the Lease and the Guaranty are expressly conditional upon entry of a "Final Order"[4] by the Court confirming the Joint Plan.

16. Lender's obligation to fund the Loan is expressly conditioned upon entry of a Final Order confirming the Joint Plan.

## Transfer of Property

17. Except to the extent specifically provided in this Order, upon the closing in accordance with this Order, the Seller and the Debtors shall be, and hereby are, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Property to Opco and Buyer. Except as otherwise provided in this Order and subject to HFS's receipt of the HFS Payment at closing and satisfaction of the other conditions stated in Paragraph 3 of this Order, the Sale of the Property shall vest Opco and Buyer with all right, title and interest of the Seller and the Debtors to the Property free and clear of any and all Encumbrances and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Encumbrances and other liabilities and

---

[4] The term "Final Order" shall have the meaning ascribed to it in the Joint Plan.

claims to attach only to the proceeds of the sale (if any) with the same priority, validity, force and effect, if any, as they now have in or against the Property.

18. Following the closing of the Transactions in accordance with this Order, no holder of any Encumbrance in the Property shall interfere with Opco and Buyer's use and enjoyment of the Property based on or related to such Encumbrance, or any actions that the Debtors may take in these Chapter 11 cases, or any trustee in any subsequent Chapter 7 case, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the Transactions contemplated in this Order.

19. Upon the occurrence of the closing and subject to HFS's receipt of the HFS Payment at closing and satisfaction of the other conditions stated in Paragraph 3 of this Order, this Order shall be considered and constitute for any and all purposes a full and complete conveyance and transfer of the Property.

20. Opco and Buyer are not assuming nor shall they or any affiliate or subsidiary of either of them be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts or obligations of any of the Debtors in any way whatsoever relating to or arising from the Seller and the Debtors' ownership or use of the Property prior to the consummation of the Transactions contemplated by this Order or any liabilities calculable by reference to the Debtors and the Seller.

21. On the date of the closing, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective interests or claims against the Property, if any, as may have been recorded or may otherwise exist.

**Additional Provisions**

22. The Debtors and each other person or entity having duties or responsibilities under this Order, or any agreements related thereto, and their respective directors, officers, employees, members, agents, representatives and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Motion, to carry out all of the provisions of the Order and any related agreements.

23. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions contemplated by this Order.

24. Subject to the terms of this Order and the Motion, any related agreements may be waived, modified, amended, or supplemented by agreement of Opco and Buyer and the Seller and the Debtors (and, with respect to any agreement related to the Loan, the Agent) without further action or order of the Court; provided, however, that any such waiver, modification, amendment or supplement substantially conforms to and effectuates this Order.

25. This Order shall be binding upon and govern the acts of all persons and entities, including without limitation, the Seller, the Debtors, Opco and Buyer, their respective successors and permitted assigns, including, without limitation, any successor Chapter 7 trustee hereinafter appointed for these Chapter 11 estates, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Property. Each and every federal, state and local governmental agency, unit or department are hereby directed to accept this Order as sole and

sufficient evidence of the transfer of title of the Property to Opco and Buyer, and such agency, unit or department may rely upon this Order in consummating the transaction contemplated by the Motion.

26. The provisions of this Order are non-severable and mutually dependent.

27. This Order may be recorded in any registry or government office.

28. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Debtors, Lender, Seller, Buyer, Opco, and Purchaser are authorized to close the Transaction immediately upon entry of this Order.

29. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and each of the agreements executed in connection with this Order to which the Debtors are a party.

**This Order was signed and entered electronically as indicated at the top of the first page.**

APPROVED FOR ENTRY:

*/s/ William L. Norton III*
William L. Norton III (TN 10075)
James B. Bailey (pro hac vice)
BRADLEY
1600 Division St., Suite 700
Nashville, TN 37203
615-252-2397
bnorton@bradley.com
jbailey@bradley.com
*Attorneys for Debtors*


*/s/ Glenn B. Rose*
Glenn B. Rose
Paul G. Jennings
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6273

E-mail: pjennings@bassberry.com
grose@bassberry.com
*Attorneys for the Official Committee
of Unsecured Creditors*


*/s/Robert P. Harris*
John A. Harris (admitted *pro hac vice*)
Robert P. Harris (admitted *pro hac vice*)
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
602-229-5200
Email: john.harris@quarles.com
Email: robert.harris@quarles.com
-and-
ADAMS AND REES LLP
Charles W. Cook, III (No. 14274)
424 Church Street, Suite 2700
Nashville, Tennessee 37219
615-259-1450
Email: charles.cook@arlaw.com
*Attorneys for Healthcare Financial Solutions, LLC*


*/s/ Shane G. Ramsey*
Shane G. Ramsey
Nelson Mullins
One Nashville Place, Suite 1100
150 Fourth Ave. N
Nashville, TN 37219
615-664-5355
Shane.ramsey@nelsonmullins.com
*Attorneys for Strong Refuge Asset Management, LLC*

16

QB\49572371.2

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-03296    Doc 2225    Filed 12/21/17    Entered 12/21/17 08:15:57    Desc
Main Document    Page 16 of 16