Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 1/26/2018



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | } | Chapter 11 |
| | } | Case No. 16-03296 |
| VANGUARD HEALTHCARE, LLC, *et al.*,[1] | } | Judge Mashburn |
| | | Jointly Administered |
| | } | |
| Debtors. | } | Hearing: Jan. 23, 2018 |
| | } | |

## AGREED ORDER REGARDING DEBTORS' SIXTH OMNIBUS OBJECTION TO PROOFS OF CLAIM TO REDUCE CLAIMS THAT HAVE BEEN PARTIALLY SATISFIED

This matter came before the Court upon the *Debtors' Sixth Omnibus Objection to Proofs of Claim to Reduce Claims That Have Been Partially Satisfied* (the "Objection")(Docket No. 2196),[2] and the responses thereto filed by Donald Powell, as Next Friend of Mary Powell, an incapacitated person; Grace Morris, Surviving Spouse and Administrator ad Litem of Estate of Walter E. Morris, Jr., Deceased, and on behalf of the wrongful death beneficiaries of Walter E. Morris, Jr.; Jimmy Arnold, Jerry Arnold, Marilyn Lewis, as Next of Kin of Eleanor H. Arnold; and Catherine B. Taylor, Administrator as Litem of Estate of Ronald Wesley Prentice, Deceased, and on behalf of the wrongful death beneficiaries of Ronald Wesley Prentice (hereinafter referred

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Healthcare, LLC (9650); Vanguard Healthcare Services, LLC (7563); Vanguard Financial Services, LLC (3403); Aurora Australis, LLC (7099); Boulevard Terrace, LLC (8709); Elderscript Services, LLC (4179); Eldercare of Jackson County, LLC (7855); Glen Oaks, LLC (8238); Palace RBS, LLC (9601); Shady Lawn, LLC (7397); Vanguard of Ashland, LLC (8367); Vanguard of Church Hill, LLC (1049); Vanguard of Crestview, LLC (1046); Vanguard of Manchester, LLC (6203); Vanguard of Memphis, LLC (4623); Vanguard of Ripley, LLC (1050); Vicksburg Convalescent, LLC (7298); and Whitehall OpCo, LLC (6186).

[2] Unless otherwise defined, all capitalized terms shall have the meanings provided in the Objection.

to collectively as "Claimants")(Docket Nos. 2259, 2260, 2262, and 2261). Upon the agreement of Debtors and Claimants, it is

ORDERED as follows:

1. The Objection is GRANTED in part.

2. The Claimants identified on Schedule 1 hereto shall have an allowed claim against each individual Debtor as listed on Schedule 1, attached hereto and incorporated herein, in the amount of the Reduced Amount listed on Schedule 1. Each such claim is an amount that exceeds the Debtors' available policy limits from BHC-LTC Insurance Ltd. that shall be included as a Class 4 Claim under the Fourth Amended Joint Plan of Reorganization (the "Joint Plan") [Docket No. 2090] to the extent the applicable Debtor is covered by the Joint Plan. For the avoidance of doubt, each Claimant has an allowed claim against each applicable Debtor in the Reduced Amount listed on Schedule 1 that shall be satisfied in full under either the terms of the Joint Plan and/or plan of liquidation approved by the Court in the Chapter 11 case of Vanguard of Crestview, LLC, or the case of any other Debtor, provided there will only be one satisfaction of any Reduced Amount that may be satisfied by either Debtor. Claims against Debtors participating in the Joint Plan shall be satisfied in full under the terms of the Joint Plan, provided any amount owed under the Joint Plan will be reduced by any distribution paid to the Claimant in a plan of liquidation approved by the Court in the Chapter 11 case of Vanguard of Crestview, LLC, or the case of any other Debtor. Claimants subject to distribution in a plan of liquidation approved by the Court in the Chapter 11 case of Vanguard of Crestview, LLC, or the case of any other Debtor, however, shall continue to receive distributions as set forth in the Joint Plan for Class 4 claims except as reduced by any distributions made from any plan of liquidation.

3. The Debtors' partial objection to each Reduced Claim addressed in the Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This Order shall be deemed a separate Order with respect to each Reduced Claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

4. The Debtors' rights are reserved to file future objections to claims asserted in proofs of claim that have been or may subsequently be filed in the Chapter 11 cases, or claims that may be listed on the Debtors' schedules, on the grounds set forth in the Objection or any other appropriate grounds under applicable law.

5. Without limiting the foregoing, the Debtors shall retain and shall have the right to object in the future to any of the proofs of claim listed on Schedule 1 hereto on any additional or supplemental grounds, to object in the future to any other proof of claim filed by any claimant whose claim is a Reduced Claim, and both Debtors and Claimants shall retain and have the right to seek to amend, modify, and/or supplement this Order as may be necessary regarding any subsequent objection

6. The Objection and this Order are without limitation or waiver of the Debtors' rights to reduce the amount of any claims pursuant to section 6.03 of the Plan, or any other relevant provisions of the Plan.

7. The Court shall retain jurisdiction over the Debtors and any claimant whose claim is a Reduced Claim with respect to any matters related to or arising from the Objection or the implementation of this Order.

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. The Debtors' noticing agent, BMC Group, is hereby directed to serve this Order on the claimants identified in Schedule 1.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ William L. Norton, III*_____
William L. Norton, III (#10075)
James B. Bailey (*pro hac vice*)
BRADLEY
1600 Division St., Suite 700
Nashville, Tennessee 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@bradley.com
jbailey@bradley.com

*Attorneys for Debtors*

JEHL LAW GROUP, PLLC

By*: /s/ Cameron C. Jehl*
Cameron C. Jehl (BPR # 018729)
Deena K. Arnold (BPR #024555)(pro hac vice)
5400 Poplar Ave., Suite 250
Memphis, TN 38119
Telephone: 901-322-4232
cjehl@jehllawgroup.com
darnold@jehllawgroup.com

*Attorneys for Morris, Taylor, Arnold and Powell*

# SCHEDULE 1

| Claimant | Claim No. | Case No. | Debtor | Claim Amount | Reduced Amount |
|---|---|---|---|---|---|
| Grace Morris, Surviving Spouse and Administrator ad Litem of Estate of Walter E. Morris, Jr., Deceased and on behalf of the wrongful death beneficiaries of Walter E. Morris, Jr. | 99 | 16-03296 | Vanguard Healthcare, LLC | $198,000 | $66,000 |
| | 20 | 16-03297 | Vanguard Healthcare Services, LLC | $198,000 | $66,000 |
| | 12 | 16-03298 | Vanguard Financial Services, LLC | $198,000 | $66,000 |
| | 16 | 16-03316 | Vanguard of Crestview, LLC | $198,000 | $66,000 |
| Catherine B. Taylor, Administrator ad Litem of Estate of Ronald Wesley Prentice, Deceased, and on behalf of the wrongful death beneficiaries of Ronald Wesley Prentice | 107 | 16-03296 | Vanguard Healthcare, LLC | $198,000 | $66,000 |
| | 24 | 16-03297 | Vanguard Healthcare Services, LLC | $198,000 | $66,000 |
| | 15 | 16-03298 | Vanguard Financial Services, LLC | $198,000 | $66,000 |
| Jimmy Arnold, next of kin of Eleanor H. Arnold and on behalf of the wrongful death beneficiaries of Eleanor H. Arnold (including Jerry Arnold and Marilyn Lewis | 10 | 16-03306 | Elderscript Services, LLC | $92,999.97 | $10,333.24 |
| | 14 | 16-03310 | Glen Oaks, LLC | $92,999.97 | $10,333.24 |
| | 87 | 16-03296 | Vanguard Healthcare, LLC | $92,999.97 | $10,333.24 |
| | 17 | 16-03297 | Vanguard Healthcare Services, LLC | $92,999.97 | $10,333.24 |

|  | 18 | 16-03297 | Vanguard Healthcare Services, LLC | $92,999.97 | $10,333.24 |
|---|---|---|---|---|---|
|  | 9 | 16-03298 | Vanguard Financial Services, LLC | $92,999.97 | $10,333.24 |
| Donald Powell, as Next Friend of Mary Powell, an Incapacitated Person | 13 | 16-03306 | Elderscript Services, LLC | $105,000.04 | $19,644.31 |
|  | 15 | 16-03310 | Glen Oaks, LLC | $105,000.04 | $19,644.31 |
|  | 106 | 16-03296 | Vanguard Healthcare, LLC | $105,000.04 | $19,644.31 |
|  | 23 | 16-03297 | Vanguard Healthcare Services, LLC | $105,000.04 | $19,644.31 |
|  | 14 | 16-03298 | Vanguard Financial Services, LLC | $105,000.04 | $19,644.31 |

4834-5394-7738.1

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:16-bk-03296    Doc 2332    Filed 01/26/18    Entered 01/26/18 14:59:18    Desc Main Document    Page 6 of 6